FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 02 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELAZAR ROSENSHINE,

           Plaintiff,

    -against-                                                                                    **ORDER**
                                                                                                  **18 CV 3572 (LDH)(LB)**
A. MESHI COSMETICS INDUSTRIES LTD.,
A TO Z IMPORT INC, and EYAL NOACH,

           Defendants.
-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

    *Pro se* plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted on June 20, 2018. ECF No. 5. It has since come to the Court's attention that defendant A. Meshi Cosmetics Industries, Ltd. is a foreign entity located in Israel. ECF No. 1. Federal Rule of Civil Procedure 4(h)(2) provides that

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation…must be served…(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Federal Rule of Civil Procedure 4(f) provides that

> [u]nless federal law provides otherwise, an individual…may be served at a place not within any judicial district of the United States: (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;…or (3) by other means not prohibited by international agreement, as the court orders.

    Israel, where defendant is purportedly located (ECF No. 1), is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.[1] Israel has not objected to Article 10(a) of the Hague Convention, which allows service on the citizens of

---

[1] See Contracting Parties to the Convention: https://www.hcch.net/en/instruments/conventions/status-table/print/?cid=17 (last visited on August 2, 2018)

signatory countries through "postal channels, directly to persons abroad."[2] Thus, the Court may direct service on defendant A. Meshi Cosmetics Industries, Ltd. by mail as it is an internationally agreed upon means of service authorized by the Hague Convention on Service Aboard of Judicial and Extrajudicial Documents. See Fed. R. Civ. P. 4(f); see also Treeline Inv. Partners, LP v. Koren, No. 07 Civ. 1964 (DLC), 2007 WL 1933860 (S.D.N.Y. July 3, 2007) ("Since Israel has not objected to Article 10(a) of the Convention, service through international registered mail remains an acceptable method of serving [defendant] . . . .").

Accordingly, the Clerk of Court shall serve the summons, complaint, and a copy of this Order on defendant A. Meshi Cosmetics Industries, Ltd. by mail with return receipt requested to defendant at 8 Shimon Habursakai Street, Industrial Park Bat Yam 59598, Israel.

SO ORDERED.

/S/ Judge Lois Bloom
‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎
LOIS BLOOM
United States Magistrate Judge

Dated: August 2, 2018
       Brooklyn, New York

---

[2] See "Hague Convention on Private International Law." http://www.hcch.net/index_en.php?act=authorities.details&aid=260 (last visited August 2, 2018).