UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OREN ROSENSHINE and AMIR ROSENSHINE,

        Plaintiffs,

   -against-

A. MESHI COSMETICS INDUSTRIES LTD., A TO Z
IMPORT INC., and EYAL NOACH,

        Defendants.
-------------------------------------------------------------------X

**ORDER**
**18 CV 3572 (LDH)(LB)**

**BLOOM, United States Magistrate Judge:**

      The Court held a telephone conference in *pro se* plaintiffs' action on July 15, 2020 and set the following deadlines. The parties shall amend the pleadings or join new parties by August 14, 2020. See Fed. R. Civ. P. 16(b)(3)(A). The parties shall complete all discovery by December 18, 2020. If the parties intend to conduct expert discovery, they shall write to the Court before December 18, 2020 setting forth the need for expert discovery and how much time they need to complete expert discovery.

      Discovery is the process by which the parties request information from each other regarding their claims or defenses. Plaintiffs should refer to the *pro se* manual that will be sent to them regarding discovery.[1] Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Federal Rules of Civil Procedure 33 and 34, plaintiffs may request, in writing, answers to questions and documents from defendants' attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Because December 18, 2020 is the deadline for the *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Plaintiffs should always keep a copy of all requests and responses sent to defendants; plaintiffs should never send an original document, only a copy. Federal Rule of Civil Procedure 5(d) prohibits litigants from filing discovery materials in the Court.

      The parties may conduct depositions upon oral examination pursuant to Federal Rule of Civil Procedure 30. An oral deposition is a seven (7) hour question-and-answer session in which the person

---

[1] The Clerk of Court is directed to mail *pro se* plaintiffs a copy of the *pro se* manual and a flyer for the City Bar Justice Center's Pro Se Legal Assistance Project.

being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. Each party bears their own costs of conducting discovery.

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. Under the Federal Rules of Civil Procedure, any submission to the Court must first be served on the adversary or the Court cannot consider it. Fed. R. Civ. P. 5.

The parties are urged to discuss settlement.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: July 16, 2020
      Brooklyn, New York