September 25, 2020

Received via Pro Se Email on
9/25/2020 at 8:59 a.m.- KC

Honorable LaShann DeArcy Hall
Hoborable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Rosenshine v. A. Meshi Cosmetics Industries Ltd. et al*, Case # 1:18-cv-03572-LDH-LB

Dear Judges DeArcy Hall and Bloom,

In accordance with Judge Bloom's Order dated September 22, 2020, we are hereby filing a corrected proposed second amended complaint with changes as described below.

On March 30, 2020, Judge DeArcy Hall issued a Memorandum and Order on A. Meshi Cosmetics Industries Ltd.'s ("A. Meshi") motion to dismiss our amended complaint. As part of the Memorandum and Order, our trade dress infringement claim was dismissed as the complaint did not articulate the elements of Star Gel® design with specificity to be afforded trade dress protection, even though the elements were outlined in our opposition to A. Meshi's motion to dismiss. We are therefore asking for permission to amend the complaint accordingly and include the Star Gel® design elements in the second amended complaint.

We would also like to join the owners and managers of A. Meshi, Mr. Yermi Mizrahi, Mr. Shem Tov Mizrahi, and Ms. Nava Mizrahi, as defendants to this case, as we have recently identified them as the owners-managers of A. Meshi as part of our continuing investigation into the counterfeiting operation they have spearheaded. Mr. Yermi Mizrahi, Mr. Shem Tov Mizrahi, and Ms. Nava Mizrahi personally initiate, organize, and direct the counterfeit Star Gel® operation, including, but not limited to, sourcing all the raw materials in the supply chain to bring the counterfeit Star Gel® to market; reproducing replica packaging for the counterfeit Star Gel® products; overseeing the manufacturing, production, storage, and distribution of the counterfeit Star Gel® products, including the associated logistics activities; directing promotional and marketing efforts of the counterfeit Star Gel® products across the U.S., including the State of New York; deceiving Plaintiffs' customers in the U.S., including New York, by approaching them, offering them, and selling them counterfeit Star Gel® merchandise; negotiating the terms of sales transactions of counterfeit Star Gel® merchandise with Plaintiffs' customers in the U.S., including New York; and collecting payments from Plaintiffs' customers in the U.S., including New York, for the illicit sales of the counterfeit Star Gel® merchandise.

As our claims pursuant to New York General Business Law §§ 349 and 350 and claim for breach of the implied covenant of good faith and fair dealing were dismissed as part of the Memorandum and Order, we have removed these claims from our corrected proposed second amended complaint.

Finally, as our original vicarious trademark infringement claim, which pertained to the alleged partnership relationship between Defendant A. Meshi and Defendant A to Z, was dismissed as part of the Memorandum and Order, we removed this claim from our corrected proposed second amended complaint, and modified the vicarious trademark infringement claim to reflect the agency relationship between A. Meshi and its owners-managers, as well as the agency relationship between A to Z and its owner-manager, Eyal Noach.

1

      We therefore ask the Court for leave to file the attached corrected proposed second amended complaint and proceed with the case.

Respectfully submitted,

_Oren Rosenshine_         _Amir Rosenshine_

Oren Rosenshine         Amir Rosenshine