

October 5, 2020

**FILED ELECTRONICALLY VIA CM/ECF**

Honorable LaShann DeArcy Hall
Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Rosenshine v A-Meshi Cosmetics Industries, Ltd., et al.* No. 18-cv-3572

Dear Judges DeArcy Hall and Bloom:

We represent A-Meshi Cosmetics Industries, Ltd. ("A- Meshi"), a defendant in the above-captioned matter. We write to oppose the Plaintiffs' renewed efforts to amend the Amended Complaint (ECF Nos. 65 and 65-1), which seek to:

1) add Yermi Mizrahi, Shem Tov Mizrahi and Nava Mizrahi, who are the owners and/or employees of A-Meshi, as individual defendants in the matter (the "Individual Defendants");

2) renew the trade dress count (Third Claim for Relief), which was previously dismissed by Judge DeArcy Hall by order dated March 30, 2020 (ECF Doc. No. 51); and

3) renew the vicarious trademark infringement count (Seventh Claim for Relief), which was also previously dismissed by Judge DeArcy Hall in the same order.

We oppose each of the proposed amendments for reasons set forth below:

1. <u>Attempts to add the Individual Defendants should be rejected</u>

Although the Plaintiffs baldly allege that they have only learned about the identity of the Individual Defendants through recent investigations, they fail to specify how they allegedly suddenly discovered the identities of the Individual Defendants, and why they could not have done so when they originally brought their Complaint in 2018 or amended it for the first time in 2019. No discovery has taken place in the matter, so the channels that suddenly revealed the identity of the Individual Defendants were presumably available in 2018 or 2019 as well. It can only be inferred that the Plaintiffs seek to join the Individual Defendants solely to harass them. Motions for leave to amend a complaint should be denied when the proposed amendment is made in bad faith. *Bennett v. New York City Housing Authority*, 248 F.Supp.2d 166 (E.D.N.Y. 2002).

More egregiously, a review of the proposed Second Amended Complaint fails to particularize the alleged actions of any of the Individual Defendants. The entirety of the proposed Second Amended Complaint lumps the proposed Individual Defendants together and does not differentiate between their alleged infractions. This sort of collective and general pleading is

TEL AVIV
1 Azrieli Centre
Round Tower, Floor 32
132 Menachem Begin Street
Tel Aviv 6701101
T +972 3 744 9191
F +972 3 744 6556

NEW YORK
11 Broadway
Suite 615
New York, NY 10004
T +1 (212) 939 7585
F +1 (212) 939 6406

www.assersonhiller.com

Trevor Asserson is only admitted to practice in England and Wales, and in Israel

ASSERSON HILLER P.C.

Honorable LaShann DeArcy Hall
Honorable Lois Bloom
October 5, 2020
Page 2

completely deficient and prevents the Individual Defendants from fully understanding or having notice of the claims levied against them. This Court noted that for the claims to be properly pled the Complaint should "identify the conduct of each defendant so that you are not pleading collectively, and that you set out specifically the conduct that you believe Mr. Meshi engaged in and when." (Tr. p.25, L18-22). Yet the Plaintiffs continue to rely solely on a kitchen-sink list of alleged actions, applied indiscriminately to each Individual Defendant, which does not satisfy the pleading standard under FRCP 8.

It is clear that even "pro se plaintiffs … cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Significantly, and in direct violation of the Court's instructions conveyed during the September 21, 2020 conference, the Plaintiffs have failed to specify what each Individual Defendant allegedly did, and how each Individual Defendant's actions (whatever they may be) bring the Individual Defendant within the ambit of the New York long-arm jurisdiction. Indeed, the proposed Second Amended Complaint fails to connect any of the Individual Defendants to the transaction with A to Z beyond conclusory and speculative allegations. Merely peppering the proposed Second Amended Complaint with throw-away statements such as "including New York" is patently insufficient. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must allege "facts that, if credited, would suffice to establish jurisdiction over the defendant." *In re Magnetic Audiotape*, 334 F.3d 204, 205 (2d Cir. 2006) (internal quotations and modifications omitted). No such facts are pleaded.

Lastly, neither the proposed Second Amended Complaint nor the letter-motion that accompanies it offers any explanation for why the corporate veil should be pierced in these circumstances and why the Individual Defendants, who are all Israeli citizens with no enumerated connections to New York, should be brought into the action in their individual capacities. As the proposed Second Amended Complaint itself makes clear, the crux of the Individual Defendants' alleged infractions is that they acted in their capacity as A-Meshi's employees and on behalf of A-Meshi.

It is axiomatic that "New York is reluctant to pierce corporate veils." *Gorrill v. Icelandair/Flugleidir,* 761 F.2d 847, 853 (2d Cir.1985). Second Circuit precedent establishes that in determining whether to disregard the corporate entity for the purposes of asserting personal jurisdiction over an individual defendant employed by the corporation, "the critical question is whether the corporation is a 'shell' being used by the individual shareowners to advance 'purely personal rather than corporate ends.'" *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 138 (2d Cir.1991) (citations omitted). The court may consider such factors as the lack of corporate formalities, the inadequate capitalization of the corporation, and the intermingling of corporate and individual finances. *Id*. at 139. None of these factors are implied, much less established, in the proposed Second Amended Complaint.

ASSERSON HILLER P.C.

Honorable LaShann DeArcy Hall
Honorable Lois Bloom
October 5, 2020
Page 3

In an opinion issued mere days ago, Judge Woods of SDNY explains in detail that personal jurisdiction over individual corporate officers cannot be established if the corporate veil cannot be pierced and if the complaint in question fails to specify the individual officers' contacts with New York. *Rudersdal, EEOD et al. v. Philip Robert Harris, et al*, 1:18-CV-11072-GHW, 2020 WL 5836517, *6 (S.D.N.Y. Sept. 30, 2020). This analysis makes clear that the proposed Second Amended Complaint as against the Individual Defendants cannot survive a motion to dismiss.

2. Efforts to amend the Third Claim for Relief for trade dress infringement are futile

It is noted that the Plaintiffs hope to reinstate a trade dress claim in their proposed Second Amended Complaint. Their efforts should be dismissed as futile, however, as, once again, the Plaintiffs have failed to properly plead a claim for trade dress infringement.

In dismissing this count on March 30, 2020, Judge DeArcy Hall specified what elements must be pleaded for a viable claim for trade dress infringement. (ECF Doc. No. 51 at PageID 357). The second enumerated required element is an allegation that "the claimed trade dress is non-functional."

Despite the clear guidance from Judge DeArcy Hall, at no point have the Plaintiffs alleged that the claimed trade dress is non-functional. It is well-established that "there is a statutory presumption that features are deemed functional until proved otherwise by the party seeking trade dress protection." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 30 (2001). The attempt to amend the Third Claim for Relief should be denied for this deficiency alone.

Furthermore, A-Meshi respectfully renews all of the arguments made in its 2019 motion to dismiss in opposition to the proposed amendment to the Third Claim for Relief. For example, A-Meshi has argued in its motion that the Plaintiffs have failed to plead facts sufficient to demonstrate that their trade dress has acquired secondary meaning. Although the Court did not have to consider this element in deciding to dismiss the Third Claim for Relief, it is clear that the mere conclusory allegation of secondary meaning as made in the proposed Second Amended Complaint is insufficient to survive a motion to dismiss this claim. *See, e.g.*, *U–Neek, Inc., v. Wal–Mart Stores, Inc.*, 147 F.Supp.2d 158, 172 (S.D.N.Y. 2001); *Bubble Genius LLC v Smith*, 239 F Supp 3d 586, 598 (E.D.N.Y. 2017). Consequently, the Plaintiffs' efforts to amend this claim would be futile and should not be permitted.

3. Amendments to the Seventh Claim for Relief for vicarious trademark infringement against A-Meshi and/or Individual Defendants should not be permitted

To the extent that this proposed claim for relief is brought against the Individual Defendants, it is futile for lack of personal jurisdiction again them. As is described in greater detail above, the Plaintiffs do not plead any facts to that would suggest that the exercise of personal jurisdiction would be proper against any of the Individual Defendants. Claims of vicarious

ASSERSON HILLER P.C.

Honorable LaShann DeArcy Hall
Honorable Lois Bloom
October 5, 2020
Page 4

liability cannot survive if personal jurisdiction against the proposed defendants cannot be established. *Armstrong v. Virgin Records, Ltd.*, 91 F.Supp.2d 628, 636 (S.D.N.Y. 2000).

Moreover, this amendment is simply unnecessary and redundant as raised against A-Meshi. A claim for vicarious trademark infringement is predicated upon the existence of a direct infringement claim. *Tiffany (NJ) Inc. v. eBay Inc.,* 600 F.3d 93, 103 (2d Cir.2010). In the event that the direct claims of infringement against A-Meshi withstand a motion for summary judgment, the vicarious infringement claim against it would be wholly duplicative and will add nothing to A-Meshi's liability. In the event that the direct claims against A-Meshi are dismissed, the vicarious liability claims against it would be dismissed as well.

Conclusion

In the present circumstances, it is clear that the efforts by the Plaintiffs to once again amend their complaint should be rejected. Although the Court has counselled the Plaintiffs on numerous occasions to pursue good-faith settlement negotiations, Plaintiffs chose to disregard the Court's directives and take steps to protract the present litigation. Knowing full well that their attempts have no merit, especially with regard to the Individual Defendants, the Plaintiffs chose to seek to amend the Amended Complaint simply so that our client will incur additional legal costs to oppose their efforts and make another motion to dismiss.

For all the reasons set forth above, we respectfully request that the Plaintiffs' efforts to amend the Amended Complaint be rejected in their entirety.

Respectfully submitted,

ASSERSON HILLER P.C.

By: *Allison Khaskelis*
Allison Khaskelis

cc:    Plaintiffs (via ECF, email and courier)