

December 16, 2020

**FILED ELECTRONICALLY VIA CM/ECF**

Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Rosenshine v A-Meshi Cosmetics Industries, Ltd., et al. No. 18-cv-3572*

Dear Judge Bloom:

    We represent A-Meshi Cosmetics Industries, Ltd. ("A- Meshi"), a defendant in the above-captioned matter. We write to request a modification of the current discovery deadline, ordered by the Court on July 16, 2020 to be completed by December 18, 2020 (ECF Doc. No. 60).

    Pursuant to the Court's Individual Practice 3, we submit as follows:

1) On July 16, 2020, the Court set December 18, 2020 as the date for the completion of discovery;

2) Since the Court set the above-referenced deadline, the Plaintiffs filed a motion to amend their Amended Complaint (ECF Doc. Nos. 65 and 65-1) on September 25, 2020. Their proposed Second Amended Complaint intends to add Yermi Mizrahi, Nava Mizrahi and Shem Tov Mizrahi as individual defendants. It also intends to renew their trade dress infringement count (Third Claim for Relief) and vicarious trademark infringement count (Seventh Claim for Relief), both of which were dismissed by Judge DeArcy Hall on March 30, 2020 (ECF Doc. No. 51). A-Meshi filed its opposition to the Plaintiffs' motion to amend on October 5, 2020 (ECF. Doc. No. 66). The Court has not yet issued a ruling on the Plaintiffs' motion.

3) The parties consider the current discovery deadline to be premature in the present circumstances. Until the Court rules on the Plaintiffs' motion to amend, the parties do not know and cannot know the scope of this litigation; indeed, the pleadings in the case may not yet be complete. The range of discovery that both parties will seek will depend significantly on the Court's determination. In fact, if the Court rules in favor of the Plaintiffs, A-Meshi may find itself filing a motion to dismiss. It would, therefore, be inefficient and costly for the parties to send discovery requests and respond thereto until the parameters of the pleadings are established. *See, e.g.*, *Intl. Rehab. Scis. Inc. v Govt. Employees Ins. Co.*, 12CV1225A, 2014 WL 12730481, at *2 (WDNY Aug. 5, 2014) (finding that it would more prudent and efficient to stay discovery until the resolution of an outstanding motion to dismiss and a subsequent answer to the plaintiff's complaint). Consequently, A-Meshi proposes that the discovery completion deadline be vacated until the Court rules on the Plaintiffs' motion to amend.

**TEL AVIV**
1 Azrieli Centre
Round Tower, Floor 32
132 Menachem Begin Street
Tel Aviv 6701101
T +972 3 744 9191
F +972 3 744 6556

**NEW YORK**
11 Broadway
Suite 615
New York, NY 10004

T +1 (212) 939 7585
F +1 (212) 939 6406

www.assersonhiller.com

Trevor Asserson is only admitted to practice in England and Wales, and in Israel

Asserson Hiller p.c.

Honorable Lois Bloom
June 21, 2020
Page 2

4) In any event, no party served any discovery requests on or by November 18, 2020 – 30 days prior to the December 18 close of discovery.

5) This is the first extension A-Meshi has sought for the discovery completion deadline.

6) On December 14, 2020, we requested the Plaintiffs' agreement to our proposed extension by email and have received their consent to seek an extension of the discovery deadline on December 15, 2020.

7) Our requested extension does not affect any other deadlines in the matter, as no additional deadlines have been scheduled yet.

For all the reasons set forth above, we respectfully request that the current discovery completion deadline of December 18, 2020 be vacated until after the Court rules on the Plaintiffs' motion to amend its Amended Complaint. Thank you for your consideration of this matter.

Respectfully submitted,

By: /s/*Allison Khaskelis*
Allison Khaskelis

cc: Plaintiffs (via ECF, email and courier)