Clerk's Office
Filed Date:
(by email) 2/19/2021 9:07 PM
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Oren Rosenshine <br><br> Amir Rosenshine <br><br> Plaintiffs, <br><br> -against- <br><br><br> A. Meshi Cosmetics Industries Ltd. <br> A to Z Import Inc. <br> Eyal Noach <br><br> Defendants. | Case No. <br>      18CV3572(LDH)(LB)      |

**PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION**

      Plaintiffs Oren Rosenshine and Amir Rosenshine (collectively "Plaintiffs") respectfully make the following objections to the Report and Recommendation entered in this matter on January 25, 2021. For the reasons stated below, the Report should not be followed, and Plaintiffs' motion for leave to file a second amended complaint should be granted.

## OBJECTIONS

**<u>Personal Jurisdiction</u>**

The Report and Recommendation states that this Court lacks personal jurisdiction over Yermi Mizrahi, Nava Mizrahi, and Shem Tov Mizrahi because there is no information regarding the individual defendants' personal involvement in the alleged infringement so the Court cannot discern whether the Mizrahi defendants' actions are behind the alleged infringement.

However, in his declaration submitted to this Court in support of A. Meshi's Motion to Dismiss, Mr. Yermi Mizrahi personally attests to his involvement in the alleged counterfeiting and infringement in great detail. Mr. Yermi Mizrahi states that he received a call and then an email from Eyal Noach saying he was looking for the manufacturer of Star Gel. Mr. Yermi Mizrahi then goes further and admits he made a sale of counterfeit Star Gel® hair gel through A. Meshi to A to Z Import Inc. ("AZ") and that he negotiated through A. Meshi the counterfeit Star Gel® sale agreement with AZ.

This case is therefore unlike *Karabu Corp.* 16 F. Supp. 2d, where the Court had no basis for knowing whether the defendants actually orchestrated the allegedly tortious conduct, since in our case, such basis is already available for the Court through the declaration of Mr. Yermi Mizrahi.

Similarly, unlike *Wolo Mfg. Corp*, 349 F. Supp. 3d, where the Court had no basis for knowing whether the defendant was the primary actor orchestrating the allegedly tortious conduct, here Mr. Yermi Mizrahi attests in his declaration that he executed the sale of counterfeit Star Gel® hair gel to AZ, proving he was the one who orchestrated the counterfeiting operation.

This case is also unlike *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 526 (S.D.N.Y. 2015), where defendants' individual participation in the tortious conduct could not be

established, since Mr. Yermi Mizrahi vividly describes in his declaration how he executed the sale of counterfeit Star Gel® to AZ.

Finally, in *Bano v. Union Carbide Corp.*, 273 F.3d 120, 133 (2d Cir. 2001), the Court remanded the claims against the corporation's CEO that the district court dismissed, noting that the plaintiffs submitted at least some evidence to support the allegations against the individual defendant in response to the defendants' motions for summary judgment. This is despite the Court's opinion that the amended complaint was "vague at best" in describing the individual defendant's role, if any, in the alleged tort, and the fact that the claims refer to "defendants" in the plural, whereas the specific factual allegations mention only conduct by the corporation. *Id.* at 133. It would therefore be premature to dismiss the claims against Yermi Mizrahi, Nava Mizrahi, and Shem Tov Mizrahi at this early stage before discovery has taken place.

In light of the above, the Court should exercise personal jurisdiction over Yermi Mizrahi, Nava Mizrahi, and Shem Tov Mizrahi and grant the motion to join them as defendants.

**Trade Dress Infringement**

The Report and Recommendation states that the trade dress claim is insufficient because there is no information about the functionality of the trade dress or data about the product's secondary meaning, quoting *Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*, 111 F.3d 933, 1002 (2d Cir. 1997), *GeigTech East Bay LLC v. Lutron Elec. Co., Inc.*, 352 F. Supp. 3d 265, 282 (S.D.N.Y. 2018), and *Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 639 (S.D.N.Y. 2001). However, in all these cases, the Court notes that functionality and secondary meaning are questions of fact that entail vigorous evidentiary requirements, so it would be premature to dismiss the trade dress claim before discovery and a motion for summary judgment.

Hence, the trade dress infringement claim should withstand a motion under Rule 12(b)(6) and should not be dismissed without discovery.

**Vicarious Trademark Liability**

The Report and Recommendation states that the vicarious trademark liability claim is insufficient because it does not provide a finding A. Meshi and Yermi Mizrahi, Nava Mizrahi, and Shem Tov Mizrahi have authority to bind one another in transactions with third parties. Such finding is provided by the declaration of Mr. Yermi Mizrahi, who attests how he transacted the counterfeit sale of Plaintiffs' Star Gel® hair gel to AZ. This case is therefore unlike *Lopez v. Bonanza.com, Inc.*, No. 17-Civ-8493(LAP), 2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019), where the Court was only provided with legal conclusions in support of the vicarious trademark liability claim, since in this case, Mr. Yermi Mizrahi himself attests to the Court how he sold on behalf of A. Meshi counterfeit versions of Plaintiff's Star Gel® hair gel to AZ. In addition, Mr. Yermi Mizrahi attests that Eyal Noach was the one that conspired and purchased the counterfeit Star Gel® products on behalf of AZ and bound AZ in the transaction with A. Meshi. The vicarious trademark liability claim should therefore withstand a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully object to the Magistrate Judge's Report and Recommendation. Plaintiffs ask this Court to grant their motion for leave to file a second amended complaint.

Dated: February 19, 2021

Great Neck, New York

Respectfully submitted,

*Oren Rosenshine*   *Amir Rosenshine*
Oren Rosenshine     Amir Rosenshine

4