UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OREN ROSENSHINE and AMIR ROSENSHINE,

                                        Plaintiffs,

                v.

A. MESHI COSMETICS INDUSTRIES LTD., A
TO Z IMPORT INC., and EYAL NOACH,

                                        Defendants.

**MEMORANDUM AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**
18-cv-3572 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

        Plaintiffs Oren Rosenshine and Amir Rosenshine, proceeding *pro se*, bring the instant

action against Defendants A. Meshi Cosmetics Industries Ltd. ("A. Meshi"), A to Z Import Inc.,

and Eyal Noach (collectively, "A to Z") asserting claims pursuant to the Lanham Act, 15 U.S.C.

§§ 1114, 1125, and New York state law.  Plaintiffs seek leave to file a second amended

complaint ("SAC") to add three defendants and renewed claims for trade dress infringement and

vicarious trademark infringement.  (Pl.'s Mot. Amend. 1, ECF No. 65.)  This Court referred the

motion to Magistrate Judge Bloom, who issued a report and recommendation on January 25,

2021 (the "R&R") recommending the Court deny Plaintiffs' motion.  (R&R, ECF No. 69.)

Plaintiffs objected (the "Objection").  (Pls.' R&R Obj. ("Objections"), ECF No. 71.)

## BACKGROUND

        The Court assumes the parties' familiarity with the underlying facts as detailed in the

Court's previous decisions in this case and the R&R.  (*See* Ex Parte Seizure Mem., ECF No. 19;

Mot. Dismiss. Mem., ECF No. 51; R&R.)

Relevant here, Defendant A. Meshi moved to dismiss the Plaintiffs' amended complaint, arguing the Court lacked personal jurisdiction, subject matter jurisdiction, and the amended complaint failed to state a claim upon which relief could be granted.  (Mem. L. Supp. A. Meshi Mot. Dismiss ("Def. Mot.") 3, ECF No. 47-1.)  By order dated March 30, 2020, this Court granted the Defendant's motion, in part, and denied the motion, in part.  (*See generally* Mot. Dismiss. Mem.)  Specifically, the Court denied the Defendant's motion to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim as to Plaintiffs' claims for trademark counterfeiting, trademark infringement, false designation of origin, trademark dilution, unfair competition, false advertising, and contributory trademark infringement.  (*Id*.)  The Court, however, granted Defendant's motion to dismiss for failure to state a claim as to Plaintiffs' claims for trade dress infringement, vicarious trademark liability, breach of the implied covenant of good faith and fair dealing, and for violations of New York's General Business Law.  (*Id*.)

Thereafter, on August 17, 2021, Plaintiffs moved to file a SAC.  (*See generally* Pl.'s Mot. Amend.)  Following a conference with Magistrate Judge Bloom, Plaintiffs filed a corrected proposed SAC, which included a copy of their proposed amendment.  (*Id*.)  Therein, Plaintiff seeks to add three new defendants—Yermi Mizrahi, Shem Tov Mizrahi, and Nava Mizrahi (the "Proposed Defendants")—whom Plaintiff alleges are the owners and managers of Defendant A. Meshi Cosmetics Industries Ltd. ("A. Meshi").  (Proposed Second Am. Compl. ("PSAC"), ECF No. 65-1.)  Plaintiff also seeks to reassert claims for trade dress infringement and vicarious trademark infringement, both of which were dismissed in the Court's March 30, 2020 decision.  (*Id*. at 1.)

2

Magistrate Judge Bloom recommended the Court deny Plaintiffs' motion for leave to file a proposed SAC and that the amended complaint should proceed on the claims that withstood the Defendants' motion to dismiss.  (*See generally* R&R.)  *First*, Magistrate Judge Bloom reasoned that based on the conclusory allegations in the proposed SAC, Plaintiff did not sufficiently allege the Court has personal jurisdiction over the non-domiciliary Proposed Defendants Plaintiffs seek to add.  (R&R 5-9.)  *Second*, Magistrate Judge Bloom determined that the proposed trade dress infringement claim and the proposed vicarious trademark liability claim were insufficient to withstand a motion under Rule 12(b)(6).  (R&R 10-14.)  Plaintiffs object entirely to Magistrate Judge Blooms' recommendation.  (*See generally* Objections.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The Court conducts a de novo review of those portions of a Report and Recommendation to which a party timely objects.  28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure

> [A] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  In all other cases, such as here, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "Although courts 'should freely give leave [to amend pleadings] when justice so requires,' a

3

court need not grant such leave if the proposed amendment would still not state a claim, so that the amendment would be futile." *Medina v. Tremor Video, Inc*., 640 F. App'x 45, 47 (2d Cir. 2016) (quoting Fed. R. Civ. P. 15(a)(2) (internal citations omitted). This applies to proposed new parties, where the court would lack personal jurisdiction over the would-be defendant. *See, e.g., Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 202-03 (E.D.N.Y. 2012) (citing *Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010)).

## I.    Personal Jurisdiction over the Proposed Defendants

Plaintiffs first argue that Magistrate Judge Bloom erred in recommending the Court find it lacks personal jurisdiction over the Proposed Defendants such that an amendment would be futile. (Objections 2.) Specifically, Plaintiffs take issue with Magistrate Judge Bloom's determination that the proposed SAC fails to adequately allege each Proposed Defendants' actions sustain a finding of personal jurisdiction. (Objections 2.)

In challenging Magistrate Judge Bloom's recommendation, Plaintiffs do not refer to any specific allegations in the proposed SAC that would be sufficient to establish jurisdiction over the Proposed Defendants. Rather, Plaintiffs direct the Court to the affidavit of Yermi Mizrahi, which was submitted in support of the Defendants' motion to dismiss. (*Id.*) None of the referenced attestations however are contained in the proposed SAC, and the Court's analysis on a motion to amend is limited to the proposed pleading. *See, e.g., Panther Partners Inc. v. Ikanos Commc'ns, Inc*., 681 F.3d 114, 119 (2d Cir.2012) ("In assessing whether the proposed complaint states a claim, we consider the proposed amendment[s] . . . along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." (internal quotations omitted)).

Against that backdrop, the Court agrees with Magistrate Judge Bloom's assessment that Plaintiffs have failed to adequately allege the Court has personal jurisdiction over each Proposed Defendant. Having set forth the applicable law in its March 30, 2021 decision on Defendants' motion to dismiss, the Court need not set it out again in full. However, relevant to Plaintiffs' Proposed Defendants, "[i]n New York, the individual who owns a corporation is generally not subject to personal jurisdiction as a result of the corporation's activities unless (1) the corporate veil can be 'pierced' or (2) the corporation acted as an agent for the owner." *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 195 (E.D.N.Y. 2018). In addition, "[i]n cases involving corporate defendants, the court's exercise of personal jurisdiction over a corporation's officer [can be] predicated on a showing that the officer engaged in personal conduct that is related to the transaction that underlies the claim." *Grp. One Ltd. v. GTE GmbH*, No. 20-CV-2205 (MKB), 2021 WL 1727611, at *8 (E.D.N.Y. Feb. 3, 2021). Notably, however, a plaintiff's conclusory and vague allegations, which generally refer to "defendants" and fail to describe any of the defendant's specific roles, is not sufficient. *Id*.

Here, Magistrate Judge Bloom aptly summarized the allegations in the proposed SAC as to the Proposed Defendants as:

> Defendant 4, Defendant 5, and Defendant 6 personally initiate, organize, and direct the counterfeit Star Gel operation, including, but not limited to, sourcing all the raw materials in the supply chain to bring the counterfeit Star Gel to market; reproducing replica packaging for the counterfeit Star Gel products; overseeing the manufacturing, production, storage, and distribution of the counterfeit Star Gel products, including the associated logistics activities; directing promotional and marketing efforts of the counterfeit Star Gel products across the U.S., including the State of New York; deceiving Plaintiffs' customers in the U.S., including New York, by approaching them, offering them, and selling them counterfeit Star Gel merchandise; negotiating the terms of sales transactions of counterfeit Star Gel merchandise with Plaintiffs' customers in the U.S., including New York; and collecting payments from Plaintiffs' customers in the U.S., including New York, for the illicit sales of the counterfeit Star Gel merchandise.

(R&R at 6 (citing PSAC ¶ 12).)  Absent from the proposed SAC are any specific allegations as to the Proposed Defendant's individual conduct that would enable this Court to exercise personal jurisdiction over them.[1]  Ultimately, the Court agrees that Plaintiffs' proposed amendment to add the Proposed Defendants would be futile.

## II.     Plaintiffs' Proposed Claims

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id*.  While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp*., 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

---

[1] Plaintiffs direct the Court to the Second Circuit's opinion in *Bano v. Union Carbide Corp*., 273 F.3d 120 (2d Cir. 2001) for the proposition that it would be premature to dismiss the claims against the Proposed Defendant in advance of discovery. (Objections 3.)  However, this case is ultimately unhelpful to Plaintiffs' position.  In *Bano*, the Second Circuit considered an appeal to the district court's dismissal of a complaint in its entirety related to several claims brought pursuant to the Alien Tort Claims Act.  *Id*. at 122.  There, plaintiff had raised several common-law claims seeking relief for environmental contamination, and on appeal, an individual defendant sought "affirmation on the grounds that the complaint fails to allege that he was personally involved in any misconduct."  *Id*. at 133. The Second Circuit did generally acknowledge that "[t]he amended complaint is vague at best in describing [defendant's] role, if any, in creating the contamination on which the additional environmental claims are based" and remanded those claims.  *Id*.  However, a closer reading of the decision makes clear, the district court granted summary judgment on several of the defendant's environmental claims, without directly addressing them in its decision. *Id*.  And as such, the Second Circuit remanded for the court to consider them "in the first instance."  *Id*. The decision does not reflect—as the Plaintiffs argument would suggest—an assessment that the court prematurely dismissed defendants for lack of personal jurisdiction, in advance of discovery.

### a.  Trade Dress Infringement

Plaintiffs first argue that Magistrate Judge Bloom's recommendation that their trade dress infringement claim be dismissed is "premature." (Objections 2.)  The Court disagrees.

*First*, to the extent Plaintiffs argue that a trade dress claim cannot be dismissed on a motion to dismiss, such is not the case.  Recently, in *Eliya, Inc. v. Steve Madden*, the Second Circuit affirmed the dismissal of a plaintiff's trade dress claim where, in part, "the FAC alleges no specific facts that plausibly support non-functionability" 749 F. App'x 43, 47 (2d Cir. 2018).

*Second*, as this Court set forth in its March 30, 2020 decision, "[t]o plead a claim of trade dress infringement involving the appearance of a product, Property Owners must allege that (1) the claimed trade dress is non-functional; (2) the claimed trade dress has secondary meaning; and (3) there is a likelihood of confusion between the plaintiff's good and the defendant's." *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 F. App'x 389, 391 (2d Cir. 2003).  Importantly, to survive dismissal "[a] plaintiff must also offer a precise expression of the character and scope of the claimed trade dress." *Id.* (internal quotations omitted).  Here, as Magistrate Judge Bloom concluded, Plaintiffs' proposed SAC fails to plead any such precision.  While Plaintiffs' proposed SAC contains a description of the Star Gel product packaging, a mere "laundry list of the elements . . . with no explanation as to how they are distinctive" is not sufficient.  *Eliya.*, 749 F. App'x at 47.

### b.  Vicarious Trademark Liability

Plaintiff argues that Magistrate Judge Bloom erred in her determination that Plaintiffs' failed to state a claim as to their proposed vicarious trademark liability claim.  The Court again disagrees.

As a threshold matter, Plaintiffs' claim of vicarious trademark liability is brought, in part, against Defendant A. Meshi and the Proposed Defendants.  Having determined the Court lacks jurisdiction over the Proposed Defendants, any amendment would be futile.

In any event, Plaintiffs fail to state a claim.  "Vicarious liability for trademark infringement requires a finding that the defendant and the infringer have an apparent or actual partnership, [or] have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Kelly-Brown v. Winfrey* ("Kelly II"), 717 F.3d 295, 314 (2d Cir. 2013) (internal quotations omitted). "[T]o demonstrate the existence of a partnership, a plaintiff must prove four elements: (1) the parties' sharing of profits and losses; (2) the parties' joint control and management of the business; (3) the contribution by each party of property, financial resources, effort, skill, or knowledge to the business; and (4) the parties' intention to be partners." *Kelly-Brown v. Winfrey*, 2012 WL 701262, at *7 (S.D.N.Y. Mar. 6, 2012) ("Kelly I"), *aff'd in relevant part*, 717 F.3d 295 (2d Cir. 2013).  As to the existence of a partnership, Plaintiffs only allege that Defendant A. Meshi and the Proposed Defendants "have an agency relationship by virtue of [the Proposed Defendants] being the owners and managers of [A. Meshi]."  (PSAC ¶ 108.)  And, "by virtue of their agency relationships, [the Proposed Defendants and A. Meshi] have the ability to control the actions of each other, fund the activities of each other, and derive a direct financial benefit from the illegal acts of each other."  (PSAC ¶ 108.)  Plaintiff likewise repeats the same agency relationship between Defendant A to Z Import Inc. and Eyal Noch.  (PSAC ¶ 109.)  As Magistrate Bloom concluded in her recommendation, and as this Court previously determined in its March 31, 2020 decision, such vague and conclusory allegations are insufficient to support a finding of vicarious liability.  *See, e.g., Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 247 (S.D.N.Y. 2010) (dismissing

8

vicarious trademark infringement claim because "vague, puffery-like references to a 'partnership' between [defendants] [were] not enough to support vicarious liability").

## CONCLUSION

The Court hereby adopts the R&R in its entirety. The Amended Complaint should proceed on the claims that withstood Defendant's motion to dismiss. The Clerk of Court is respectfully directed to mail a copy of this memorandum and order to pro se Plaintiffs.

SO ORDERED.

Dated: Brooklyn, New York         /s/ LDH_____
    September 30, 2021         LaSHANN DeARCY HALL
                      United States District Judge