**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OREN ROSENSHINE<br>AMIR ROSENSHINE<br><br>               Plaintiffs,<br><br>   vs.<br><br>A.  MESHI COSMETICS INDUSTRIES LTD., A TO Z IMPORTS, INC. and EYAL NOACH<br><br>          Defendants | 18-cv-03572<br>(LDH-LB) |

**THE REPLY OF DEFENDANT A.MESHI COSMETICS INDUSTRIES, LTD. ("MESHI") TO PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS FILED ON OCTOBER 18, 2022**

1.      Plaintiffs are the exclusive owners of the Star Gel® trademark. Am. Compl. Ex. 8.

Response:  It is agreed that on May 9, 2017, the Plaintiffs' predecessors in interests applied to the United States Patent and Trademark Office to register the Star Gel mark for the first time. The United States Patent and Trademark Office registered the Star Gel trademark on December 19, 2017.  Am. Compl. Ex. 6.  Prior to that time, the Star Gel trademark was not registered.

2.      On December 14, 2020, Plaintiffs served Meshi with formal requests for the production of documents ("Document Requests"). While the requests speak for themselves, they sought to establish the record of all sales of Star Gel® that Meshi undertook to any party aside from Plaintiffs or their predecessors, as well as all materials, including but not limited to, communications, documents, invoices, agreements, recordings, written correspondence such as emails/texts, etc., in Meshi's possession, custody, or control relating to all sales of Star Gel® ever made by Meshi to any other party besides Plaintiffs or their predecessors. Khaskelis Decl. Ex. 10, page 2.

1

<u>Response</u>: Disputed.  On December 14, 2020, Plaintiffs sent to Meshi's undersigned attorneys an email requesting certain documents.  August 30, 2022 Khaskelis Declaration ("Khaskelis Decl.") Ex. 10, page 3.  The content and format of the email speaks for itself.  Furthermore, this email was sent before this Court determined the Plaintiffs' motion to amend their Amended Complaint to add members of the Mizrahi family as individual defendants.  The Plaintiffs' motion to amend was denied by this Court on September 30, 2021 (ECF Doc. 74).  As a result of that decision, the email requests, which did not comply with the Federal Rules of Civil Procedure, were moot.  The Plaintiffs served no other document requests on the Plaintiffs.  At no point did the Plaintiffs serve any document requests on Meshi that complied with the requirements of the Federal Rules of Civil Procedure.  In any event, Meshi made three document productions, dated April 28, 2022, May 26, 2022 and June 21, 2022 that contain all documents in Meshi's possession, custody and control with regard to the present dispute.  Moreover, the Plaintiffs' December 14, 2020 requests sought information with regard to Star Gel®.  As Meshi's counsel repeatedly stated to the Plaintiffs, Meshi has no documents in its possession, custody and control regarding Star Gel® as no Star Gel mark was registered at the time of Meshi's one-time transaction with AZ in the fall of 2016.  Khaskelis Decl. Ex. 6, pp. 5, 8.  The nature of the correspondence between the parties with regard to discovery is displayed in Khaskelis Decl. Ex. 6 and speaks for itself.

3.     The requests also asked to provide the ownership structure of Meshi, including all shareholders and their stakes in the company, directors, and executive managers. Khaskelis Decl. Ex. 10, page 2.

<u>Response</u>: Disputed.  On December 14, 2020, Plaintiffs sent to Meshi's undersigned attorneys an email requesting certain documents.  Khaskelis Decl. Ex. 10, page 3.  The content and format of the email speaks for itself.  Furthermore, this email was sent before this Court determined the Plaintiffs' motion to amend their Amended Complaint to add members of the Mizrahi family as individual defendants.  The Plaintiffs' motion to amend was denied by this Court on September 30, 2021 (ECF Doc. 74).  As a result of that decision, the email requests, which did not comply with the Federal Rules of Civil Procedure, were moot.  The Plaintiffs served no other document requests on the Plaintiffs.  At no point did the Plaintiffs serve any document requests on Meshi that complied with the requirements of the Federal Rules of Civil Procedure.   In any event, Meshi made three document productions, dated April 28, 2022, May 26, 2022 and June 21, 2022 that contain all documents in Meshi's possession, custody and control with regard to the present dispute.  Meshi's June 21, 2022 production, which Meshi volunteered to make (<i>see, e.g.</i>, Khaskelis Decl. Ex. 8 p. 28, lines 2-24 of the transcript), elucidates the Meshi corporate and ownership structure.

4.     Plaintiffs repeatedly chased Meshi's attorneys for responses to their Document Requests after the deadline for the same has passed. Khaskelis Decl. Ex. 6, pages 3, 5-6, 8-9, 12, and 14-

2

15.

Response: Disputed.  The email requests from December 14, 2020 were informal and moot. Khaskelis Decl. Ex. 10, page 3.  They did not comply with the Federal Rules of Civil Procedure. Once Meshi's undersigned attorneys ascertained that no document requests compliant with the Federal Rules would ever be forthcoming, they sent through all documents in Meshi's possession, custody and control responsive to the email requests and related to this dispute.  Moreover, the Plaintiffs' December 14, 2020 requests sought information with regard to Star Gel®.  As Meshi's counsel repeatedly stated to the Plaintiffs, Meshi has no documents in its possession, custody and control regarding Star Gel as no Star Gel mark was registered at the time of Meshi's one-time transaction with AZ.  Khaskelis Decl. Ex. 6, pp. 5, 8.  The nature of the correspondence between the parties with regard to discovery is displayed in Khaskelis Decl. Ex. 6 and speaks for itself.

5.     On May 26, 2022, Meshi's attorneys finally produced some of the documents requested, showing communications between Meshi and AZ regarding the sales of counterfeit Star Gel®. The documents produced are missing messages and files that Meshi failed to produce. For example, the attached version that Mr. Yermi Mizrahi referred to on page 1 of Rosenshine Decl. Ex. 2; the letter referenced in page 4; the ledger referenced on page 5; the content of Mr. Noach's message on page 7; the attachment referenced on page 15; etc. Rosenshine Decl. Ex. 2.

Response: Disputed.  Meshi produced no documents showing communications between Meshi and AZ regarding the sale of Star Gel® because it has no such documents in its possession, custody or control. Khaskelis Decl. Ex. 9; Khaskelis Decl. Ex. 6, pp. 5, 8. No Star Gel mark was registered at the time of Meshi's one-time transaction with AZ.  Rather, on May 26, 2022 Meshi produced documents related to the one-time sale of hair gel that bore the name Star Gel and listed AZ's name and contact information on the label.  That one-time sale took place in November 2016.  Am. Compl. Exs.  5, 6; Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50; Khaskelis Decl. Ex. 9.  It is disputed that Exhibit 2 to the October 17, 2022 Rosenshine Declaration is a formal translation of the documents produced by Meshi obtained from a certified, impartial Hebrew-English translator.  This translation cannot be utilized as official, as it was done by the Plaintiffs themselves, and Meshi demands that only certified translations by an impartial and qualified translator be submitted as of record in this matter.

6.     In September 2016, Meshi made and executed an agreement with Plaintiffs' customer AZ, in which Meshi would sell a counterfeit version of Plaintiffs' Star Gel® hair gel to AZ. Rosenshine Decl. Ex. 2.

Response: Disputed.  Meshi made no agreement with AZ to sell any Star Gel®.  At the time

3

of the one-time agreement between Meshi and AZ in the fall of 2016, neither the Plaintiffs nor their predecessors in interest had taken any steps to register a trademark for Star Gel with the United States Patent and Trademark Office.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50; Am. Compl. Ex. 6; Khaskelis Decl. Ex. 9.   It is also disputed that Exhibit 2 to the October 17, 2022 Rosenshine Declaration is a formal translation of the documents produced by Meshi obtained from a certified, impartial Hebrew-English translator.  This translation cannot be utilized as official, as it was done by the Plaintiffs themselves, and Meshi demands that only certified translations by an impartial and qualified translator be submitted as of record in this matter.

7.      In the exchanges between the parties, Meshi supplied AZ with Plaintiffs' Star Gel® artwork file, asking AZ to approve an order of 3,600 units of counterfeit Star Gel® hair gel, mentioning that this is the version that Plaintiffs' predecessor (GMIE, managed by Ms. Edna Rosenshine) was purchasing. Rosenshine Decl. Ex. 2, pages 1-2.

Response: Disputed.  Meshi supplied no Star Gel® artwork or product to AZ because no such trademark was registered in the fall of 2016.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50; Am. Compl. Ex. 6.  It is also disputed that Exhibit 2 to the October 17, 2022 Rosenshine Declaration is a formal translation of the documents produced by Meshi obtained from a certified, impartial Hebrew-English translator.  This translation cannot be utilized as official, as it was done by the Plaintiffs themselves, and Meshi demands that only certified translations by an impartial and qualified translator be submitted as of record in this matter.

8.      The parties went ahead and completed the transaction for a total of $10,800. Khaskelis Decl. Ex. 9.

Response: It is agreed that Meshi sold a total of 3,600 units of a product labeled Star Gel bearing AZ's name and contact information to AZ in the fall of 2016 for a total of $10,800.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50; Khaskelis Decl. Ex. 9.

9.      Meshi supplied the export paperwork for the order to a freight forwarder for export. Rosenshine Decl. Ex. 2, pages 10-14.

Response: It is agreed that Meshi supplied the export paperwork for the order of 3,600 units of a product labeled Star Gel bearing AZ's name and contact information to a freight forwarder for export in 2016.  It is disputed that Exhibit 2 to the October 17, 2022 Rosenshine Declaration is a formal translation of the documents produced by Meshi obtained from a certified, impartial Hebrew-English translator.  This translation cannot be utilized as official, as it was done by the Plaintiffs themselves, and Meshi demands that only certified translations by an impartial and qualified translator be submitted as of record in this matter.

10.     Meshi sold counterfeit Star Gel® hair gel that is identical to Plaintiffs' Star Gel® hair gel (identical artwork on identical hair gel product) to Plaintiffs' customer AZ, proving both potential and actual customer confusion. Am. Compl. Ex. 5; Khaskelis Decl. Ex. 9.

Response:  Disputed.  Pursuant to Am. Compl. Ex. 5, it is clear that the version sold to AZ is not identical to the version previously sold to Plaintiffs' predecessors in interest, as the version sold to AZ bears AZ's name and contact information on the label.  It also is disputed that Meshi sold any Star Gel® to AZ.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.   At the time of Meshi's one-time sale of a product labeled Star Gel to AZ in the fall of 2016, neither the Plaintiffs nor their predecessors in interest had taken any steps to register a trademark for Star Gel with the United States Patent and Trademark Office.  Am. Compl. Ex. 6.

11.     AZ has been selling the counterfeit Star Gel® for approximately $27 per unit, undercutting the genuine Star Gel® MSRP of $40 per unit. Rosenshine Decl. Ex. 1, section 16. Rosenshine Decl. Ex. 2.

Response:  Disputed.  The Plaintiffs have supplied no evidence for any of these contentions.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  For example, it is unknown why the Plaintiffs believe that the MSRP for Star Gel is $40/unit and on what basis they believe that AZ sold Star Gel for $27/unit, despite Meshi's March 24, 2022 Document Requests seeking support for such contentions.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 9, 10, 11, 12, 14, 19, 20.  As such, this Declaration must be stricken in its entirety.  Furthermore, it is disputed that Exhibit 2 to the October 17, 2022 Rosenshine Declaration is a formal translation of the documents produced by Meshi obtained from a certified, impartial Hebrew-English translator.  This translation cannot be utilized as official, as it was done by the Plaintiffs themselves, and Meshi demands that only certified translations by an impartial and qualified translator be submitted as of record in this matter.

12.     AZ's sales of 3,600 counterfeit units of Star Gel® at a price of $27 per unit have yielded it a total of $97,200. Khaskelis Decl. Ex. 9. Rosenshine Decl. Ex. 2.

Response: Disputed.  Meshi sold no units of Star Gel® to AZ.  Khaskelis Decl. Ex. 1 ¶¶ 21-24,

33-43, 50; Khaskelis Decl. Ex. 9; Am. Compl. Ex. 6.  Furthermore, it is disputed that Exhibit 2 to the October 17, 2022 Rosenshine Declaration is a formal translation of the documents produced by Meshi obtained from a certified, impartial Hebrew-English translator.  This translation cannot be utilized as official, as it was done by the Plaintiffs themselves, and Meshi demands that only certified translations by an impartial and qualified translator be submitted as of record in this matter.  For the avoidance of all doubt, neither Exhibit 2 to the Rosenshine Declaration nor Exhibit 9 to the Khaskelis Declaration supports the contention that AZ sold Star Gel for a price of $27 per unit.  Meshi does not know what happened to the gel it sold to A to Z in the fall of 2016 as it is only a manufacturer and had no control over the resale of the products it sold to distributors. Khaskelis Decl. Ex. 1 ¶ 10, 14, 19-20.  Plaintiffs have supplied no evidence for any of these contentions, despite Meshi's March 24, 2022 Document Requests seeking support for the same. Khaskelis Decl. Ex. 5 ¶ 12.

13.     Meshi's counterfeit Star Gel® products have been circulating on the market past the trademark registration date. Rosenshine Decl. Ex. 2.

Response: Disputed.  Meshi sold no units of Star Gel® to AZ.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-43, 50; Khaskelis Decl. Ex. 9; Am. Ex. Compl. 6.  Furthermore, it is disputed that Exhibit 2 to the October 17, 2022 Rosenshine Declaration is a formal translation of the documents produced by Meshi obtained from a certified, impartial Hebrew-English translator.  This translation cannot be utilized as official, as it was done by the Plaintiffs themselves, and Meshi demands that only certified translations by an impartial and qualified translator be submitted as of record in this matter.  For the avoidance of all doubt, Exhibit 2 to the Rosenshine Declaration does not support any of the statements made in this paragraph.   The Plaintiffs have supplied no evidence to demonstrate whether any of the 3,600 units of Star Gel sold in 2016 remained in the market at the time the Plaintiffs' predecessors in interest attempted to register the Star Gel mark with the United States Patent and Trademark Office, despite Meshi's March 24, 2022 Document Requests seeking such information. Am. Comp. Ex. 6; Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 9, 12, 14, 19, 20. Similarly, the Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same.  Khaskelis Decl. Ex. 5 ¶¶ 19, 20.

14.     On June 27, 2018, Eichut Labels, the company that prints the Star Gel® labels, sent to Mr. Noach from AZ and Ms. Nava Mizrahi from Meshi a PDF file titled PastedGraphic-1.pdf, containing Plaintiffs' Star Gel® artwork, continuing the counterfeiting operation past the trademark registration date. Rosenshine Decl. Ex. 2, pages 15-17.

Response: Disputed.  The present matter was commenced on June 18, 2018. (ECF Doc. 1). Following its commencement, the Defendants requested that a graphic of the label utilized in the fall of 2016 be re-sent to them, in anticipation that it may become significant in the present

litigation.    A copy of that correspondence was therefore produced to the Plaintiffs as part of discovery, and the forwarded email clearly shows the date of October 30, 2016 as the date when the label was circulated.  Furthermore, it is disputed that Exhibit 2 to the October 17, 2022 Rosenshine Declaration is a formal translation of the documents produced by Meshi obtained from a certified, impartial Hebrew-English translator.  This translation cannot be utilized as official, as it was done by the Plaintiffs themselves, and Meshi demands that only certified translations by an impartial and qualified translator be submitted as of record in this matter.  For the avoidance of all doubt, Exhibit 2 to the Rosenshine Declaration does not support any of the statements made in this paragraph and in no way indicates that Meshi intended to sell or sold any other units of Star Gel. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.

15.    Star Gel® has been the flagship product of IG and its predecessors since its introduction in the year 2004. Rosenshine Decl. Ex. 1, section 8.

Response: Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  On the basis of the evidence that the Plaintiffs have produced for the years 2013 to 2015, it can only be agreed that Star Gel (not a registered trademark until December 2017) was one of many diverse products that IG sold, with no demonstration of a connection between Star Gel and such other products in IG's inventory.  Khaskelis Decl. Ex. 7.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.

16.    By virtue of being the exclusive private label of IG and its predecessors, Star Gel® served to attract clientele to the business who sought the brand, which could only be found at IG and its predecessors. Rosenshine Decl. Ex. 1, section 9.

Response: Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  On the basis of the evidence that the Plaintiffs have produced for the years 2013 to 2015, it can only be agreed that Star Gel (not a registered trademark until December 2017) was one of many diverse products that IG sold, with no demonstration of a connection between Star Gel and such other

products in IG's inventory.  Khaskelis Decl. Ex. 7.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same.  Khaskelis Decl. Ex. 5 ¶¶ 4, 19, 20.

17.     IG and its predecessors successfully leveraged these new client relationships to upsell a wide variety of products to the new clientele brought to the business by Star Gel®. Rosenshine Decl. Ex. 1, section 10.

<u>Response</u>: Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  On the basis of the evidence that the Plaintiffs have produced for the years 2013 to 2015, it can only be agreed that Star Gel (not a registered trademark until December 2017) was one of many diverse products that IG sold, with no demonstration of a connection between Star Gel and such other products in IG's inventory.  Khaskelis Decl. Ex. 7.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same.  Khaskelis Decl. Ex. 5 ¶¶ 4, 19, 20.  It is also disputed that the Plaintiffs or their predecessors in interest continued to market or sell Star Gel in the U.S. after 2015 because Plaintiffs have failed to supply proof for this contention, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3.

18.     All other products offered for sale by IG and its predecessors, besides Star Gel®, were

essentially commodities, subject to fierce price competition among vendors. Customers who were already purchasing Star Gel® from IG and its predecessors often found it more convenient to source these other products from IG and its predecessors as well, rather than purchase them from other suppliers, even if IG and its predecessors were not always the most cost-effective option for every single one of these other items. Thus, the Star Gel® products served as the only source of competitive advantage to IG and its predecessors. Rosenshine Decl. Ex. 1, section 11.

Response:  Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  On the basis of the evidence that the Plaintiffs have produced for the years 2013 to 2015, it can only be agreed that Star Gel (not a registered trademark until December 2017) was one of many diverse products that IG sold, with no demonstration of a connection between Star Gel and such other products in IG's inventory.  Khaskelis Decl. Ex. 7.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety. The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same.  Khaskelis Decl. Ex. 5 ¶¶ 4, 19, 20.   It is also disputed that the Plaintiffs or their predecessors in interest continued to market or sell Star Gel in the U.S. after 2015 because Plaintiffs have failed to supply proof for this contention, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3.

19.    To that end, since its introduction in 2004, the Star Gel® brand has served as the backbone of IG's and its predecessors' business, generating complementary sales many times its own revenues in value. Virtually all revenues earned by IG and its predecessors prior to 2020 were generated by and/or dependent upon sales of Star Gel®. Rosenshine Decl. Ex. 1, section 12.

Response: Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  On the basis of the evidence that the Plaintiffs have produced for the years 2013 to 2015, it can only be agreed that Star Gel (not a registered trademark until December 2017) was one of many diverse products that IG sold, with no demonstration of a connection between Star Gel and such other products in IG's inventory.  Khaskelis Decl. Ex. 7.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The

October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously mentioned, no Star Gel® brand existed until 2017.  Am. Compl. Ex. 6.  The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same.  Khaskelis Decl. Ex. 5 ¶¶ 4, 19, 20.

20.     Toward the end of 2015, Mr. Eyal Noach ("Mr. Noach") told IG that he "finally found the manufacturer of Star Gel®" and that A to Z Import Inc. ("AZ") "will now be buying Star Gel® directly from the manufacturer" at a much lower price than IG's pricing. AZ then proceeded to solicit orders for Star Gel® and complementary products from numerous of IG's customers, offering them a lower price point for Star Gel® and diverting both Star Gel® sales and sales of complementary products from IG. Rosenshine Decl. Ex. 1, section 13.

Response: Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  The Plaintiffs have supplied no evidence regarding their conversations with AZ, despite Meshi's March 24, 2022 Document Requests seeking information about the same.  Khaskelis Decl. Ex. 5 ¶ 12.  It is agreed that in the fall of 2016, Meshi made a one-time sale of 3,600 units of Star Gel (no registered trademark) to AZ.   Meshi sold no other products to AZ.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.

21.     IG's gross profits for the years 2015, 2016, 2017, 2018, and 2019 were $138,168, $113,940, $74,073, $64,132, and $498, respectively. Rosenshine Decl. Ex. 1, section 14.

Response: Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same.  Khaskelis Decl. Ex. 5 ¶¶ 4, 19, 20.

22.     IG's declining gross profits between the years 2015 and 2019 were a direct result of Star Gel® counterfeiting activities spearheaded by A. Meshi Cosmetics Industries Ltd. ("Meshi"). Meshi's counterfeiting of Star Gel® resulted in losses to Plaintiffs that consist of lost sales of Star Gel® products and lost sales of complementary products, among other losses. Meshi's counterfeiting caused both a diversion of sales of Star Gel® products and a diversion of sales of complementary products from Plaintiffs or their predecessors to others, including Meshi and AZ. Rosenshine Decl. Ex. 1, section 15.

Response: Disputed. The Plaintiffs supplied no evidence in support of these allegations. The allegations in this paragraph regarding a direct connection between Meshi's one-time sale of Star Gel and the Plaintiffs'/their predecessors' declining gross profits are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 17, 19, 20.  It is also disputed that the Plaintiffs or their predecessors in interest continued to market or sell Star Gel in the U.S. after 2015 because Plaintiffs have failed to supply proof for this contention, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3; Khaskelis Decl. Ex. 7.

23.     Despite intense efforts to educate the public about the counterfeit Star Gel®, by 2020 IG's original line of business revolving around Star Gel®, including all complementary sales, was essentially dead due to rampant counterfeiting of the Star Gel® brand originating from Meshi. IG's concerted attempts to market the genuine Star Gel® products have been futile in the face of counterfeit Star Gel® merchandise being offered to consumers at approximately $27 per unit compared to the genuine Star Gel® MSRP of $40 per unit. Rosenshine Decl. Ex. 1, section 16.

Response: Disputed. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which

the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. The Plaintiffs have supplied no evidence demonstrating any efforts to sell Star Gel between October 2015 and the present time, despite Meshi's March 24, 2022 Document Requests seeking information about the same. Similarly, the Plaintiffs have provided no evidence for why they believe that the MSRP for Star Gel should be $40/unit. Nor have Plaintiffs supplied any information demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 9, 10, 11, 17, 19, 20; Khaskelis Decl. Ex. 7. It is also disputed that the Plaintiffs or their predecessors in interest continued to market or sell Star Gel in the U.S. after 2015 because Plaintiffs have failed to supply proof for this contention, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3; Khaskelis Decl. Ex. 7.

24. Eventually, IG was forced to dispose of 1,008 units of Star Gel® (84 packs of 12) due to spoilage, after an extended period of failed attempts to sell them due to unfair competition from Meshi's counterfeit merchandise. Rosenshine Decl. Ex. 1, section 17.

Response: Disputed. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 9, 10, 11, 17, 19, 20. It is also disputed that the Plaintiffs or their predecessors in interest continued to market or sell Star Gel in the U.S. after 2015 because Plaintiffs have failed to supply proof for this contention, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3; Khaskelis Decl. Ex. 7. As the Plaintiffs/their predecessors in interest took no steps to source any Star Gel since 2012 (*see, e.g.*, Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 5, 6, 7, 18; Khaskelis Decl. Ex. 1. ¶ 31), it is disputed that the Plaintiffs/their predecessors in interest had any unexpired and/or unspoiled Star Gel to sell by the fall of 2016, when Meshi made a one-time sale of a product labeled Star Gel to AZ.

25.     Reeling from years of damage inflicted upon it by Meshi's counterfeiting activities, IG was forced to turn to new lines of business unrelated to Star Gel® in order to survive, while continuing its uphill battle to market the genuine Star Gel® in the face of a determined counterfeiting operation designed to aggressively undercut IG's pricing for genuine Star Gel® and drive it out of the market. Hence, IG's gross profits from 2020 to the present day consist of new lines of business unrelated to its original business model anchored by Star Gel®, despite its continued, unwavering efforts to sell the Star Gel® products, which persist to the present day. Rosenshine Decl. Ex. 1, section 18.

Response: Disputed. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 9, 10, 11, 17, 19, 20. It is also disputed that the Plaintiffs or their predecessors in interest continued to market or sell Star Gel in the U.S. after 2015 because Plaintiffs have failed to supply proof for this contention, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3; Khaskelis Decl. Ex. 7.

26.     Meshi never took any action to stop the counterfeiting operation after placing the counterfeit Star Gel® products in the stream of commerce, even after IG's cease and desist letters were sent or the trademark was registered. Rampant counterfeiting by Meshi, AZ, and Mr. Noach (collectively, "Defendants") continues to this day, precluding any genuine Star Gel® sales, never mind the need for IG to source additional stock. Rosenshine Decl. Ex. 1, section 19.

Response: Disputed. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after

discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same. Nor have the Plaintiffs supplied any evidence demonstrating that Meshi continued to engage in any conduct outlined in the Plaintiffs' Amended Complaint after January 1, 2017. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 9, 10, 11, 17, 19, 20. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The only correspondence that the Plaintiffs and/or their predecessors in interest sent to Meshi with regard to AZ was on June 20, 2017, long after the one-time sale to AZ was complete. Am. Compl. ¶ 12. Khaskelis Decl. Ex. 5 ¶ 15.

27. Plaintiffs could not locate the invoices for all Star Gel® sales by Plaintiffs' predecessors that occurred between the years 2013 and 2015 before the end of discovery. Hence, there were additional sales of Star Gel® by Plaintiffs' predecessors between the years 2013 and 2015, beyond those documented in Exhibit ("Ex.") 7 of the Declaration of Allison Khaskelis in Support of the Local Rule 56.1 Statement Submitted by Defendant A. Meshi Cosmetics Industries Ltd. ("Khaskelis Decl."). Rosenshine Decl. Ex. 1, section 20.

Response: Disputed. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. To the contrary, the Plaintiffs have indicated to both Meshi's counsel and the Court that they have no other responsive documents to produce regarding Star Gel sales from 2013 and onward. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript). It is also telling that, even though they are now claiming that such additional Star Gel sales existed, the Plaintiffs supplied no evidence demonstrating any sales or attempts at sales beyond what they supplied in Khaskelis Decl. Ex. 7, despite Meshi's March 24, 2022 Document Requests seeking this information. Khaskelis Decl. Ex. 5

¶¶ 1, 2, 3, 14, 20.

28.    Plaintiffs could not locate the invoices for Star Gel® sales by Plaintiffs' predecessors that occurred after 2015 before the end of discovery. Hence, there were sales of Star Gel® by Plaintiffs' predecessors after 2015, including after 2017, which are not documented in Khaskelis Decl. Ex. 7. Rosenshine Decl. Ex. 1, section 21.

Response: Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.    To the contrary, the Plaintiffs have indicated to both Meshi's counsel and the Court that they have no other responsive documents to produce regarding Star Gel sales from 2013 and onward.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).   It is also telling that, even though they are now claiming that such additional Star Gel sales existed, the Plaintiffs supplied no evidence demonstrating any sales or attempts at sales beyond what they supplied in Khaskelis Decl. Ex. 7, despite Meshi's March 24, 2022 Document Requests seeking this information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 14, 20.

29.    In calculating the lost profits and damages to goodwill and reputation due to Meshi's counterfeiting, Plaintiffs used a 20% compound annual growth rate assumption in the table entitled "Computation of Lost Profits and Damages to Goodwill and Reputation" (Khaskelis Decl. Ex. 10). This assumption represents a fair estimate of future growth potential for IG's Star Gel®-anchored business model for 2016 and beyond, based on numerous factors, including, but not limited to, IG's business plans for 2016 and beyond, which included substantial increases in IG's marketing budget, expansion plans to target new customers, increased prices for the Star Gel® products, an increase in IG's complementary products offering, and other growth-oriented aspects, as well as the expected increased involvement of Plaintiffs in the management of the business for 2016 and beyond. Rosenshine Decl. Ex. 1, section 22.

Response: Disputed.  All allegations in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.   Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by

evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 9, 10, 11, 17, 19, 20.

30.    In calculating the lost profits and damages to goodwill and reputation due to Meshi's counterfeiting, Plaintiffs used a 25% annual compounding/discount rate assumption in the table entitled "Computation of Lost Profits and Damages to Goodwill and Reputation" (Khaskelis Decl. Ex. 10). This assumption represents a fair estimate of the required return for investing in this type of business, reflecting an appropriate reward for the associated investment risk. This required return is also commensurate with the required return implied by various buyout offers Plaintiffs and their predecessors received for the business from potential investors over the years. Rosenshine Decl. Ex. 1, section 23.

Response:    All allegations in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 9, 10, 11, 17, 19, 20.

31.    Plaintiffs strongly believe that Meshi sold many more counterfeit Star Gel® units than the 3,600 counterfeit units it admitted to selling back in 2016, based on the widespread

Star Gel® counterfeiting that persists in the marketplace until this present day, many years after Meshi's said 2016 sale, as well as on GMIE's past purchases of Star Gel® from Meshi, which amounted to approximately $10,000 worth of Star Gel® products on an annual basis between 2004 and 2012 (around 4,082 units per year at a price of $2.45 per unit), as declared by Meshi (Khaskelis Decl. Ex. 1 section 30). As of 2022, six years have passed since the counterfeiting sale Meshi admitted to committing in 2016. At a rate of 4,082 units per year, it stands to reason that a quantity of at least 24,492 counterfeit units of Star Gel® were sold by Meshi to date, given that the market is currently saturated with counterfeit Star Gel® merchandise. The quantity of 3,600 that Meshi admits to have counterfeited seems unrealistically low by comparison. Rosenshine Decl. Ex. 1, section 24.

Response: Disputed. The first sentence in this paragraph admits that the allegations that follow are based on the Plaintiffs' strong belief. An opinion is, definitionally, not a fact and has no place in this document. Moreover, the allegations in this paragraph are non-sensical, as they refer to a figure of 4,082 units of Star Gel that the Plaintiffs' predecessors in interest purchased from Meshi and somehow extrapolate from that a belief for Meshi's sales to other vendors. All allegations in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. Moreover, Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. The Plaintiffs have supplied no evidence demonstrating any loss, harm or damages that they suffered as a result of Meshi's conduct, despite Meshi's March 24, 2022 Document Requests seeking information about the same. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 9, 10, 11, 17, 19, 20. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6.

32.    Prior to 2012, Meshi agreed to credit GMIE for 804 defective units of Star Gel® that GMIE received from Meshi. The defective units included some units that were not completely full, some units that were discolored, some units that exhibited mold, some units that had damaged jars, etc. Meshi evidently failed to apply this credit to GMIE's account in its own records, as the credit does not appear anywhere on the general ledger that Meshi shared with Plaintiffs. Rosenshine Decl. Ex. 1, section 25.

<u>Response</u>: Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.    The Plaintiffs have supplied no evidence demonstrating that the Plaintiffs and/or their predecessors in interest paid all amounts owed to Meshi for the purchases of Star Gel from Meshi between November 1, 2004 and March 24, 2022, despite Meshi's March 24, 2022 Document Requests seeking this information.  Khaskelis Decl. Ex. 5 ¶ 16.  To the contrary, as demonstrated in Khaskelis Decl. Ex. 4, the Plaintiffs and/or their predecessors in interest failed to pay a final payment of US $1,967.64 to Meshi for Star Gel supplied in 2012, which remains outstanding.

33.     There is no outstanding balance whatsoever due to Meshi from Plaintiffs or any of their predecessors. Rosenshine Decl. Ex. 1, section 26.

<u>Response</u>: Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.    The Plaintiffs have supplied no evidence demonstrating that the Plaintiffs and/or their predecessors in interest paid all amounts owed to Meshi for the purchases of Star Gel from Meshi between November 1, 2004 and March 24, 2022, despite Meshi's March 24, 2022 Document Requests seeking this information.  Khaskelis Decl. Ex. 5 ¶ 16.  To the contrary, as demonstrated in Khaskelis Decl. Ex. 4, the Plaintiffs and/or their predecessors in interest failed to pay a final payment of US $1,967.64 to Meshi for Star Gel supplied in 2012, which remains outstanding.

34.     Meshi is a business that markets cosmetic products bearing its federally registered U.S. trademarks "Mon Platin", "Mon Platin Professional", and "Mon Platin DSM Dead Sea Minerals" across the United States, including New York State.  Rosenshine Decl. Ex.

1, section 27.

Response: Disputed.  This statement is merely the repetition of paragraph 1 of the Amended Complaint. Plaintiffs supplied no evidence in support of these allegations.  Moreover, the contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  It only is agreed that Meshi manufactures hair and skin products under the "Mon Platin" label.  Although Meshi's products are sold around the world, Meshi is not and has never been authorized or registered to do business anywhere in the United States, including in New York.  Meshi has never made any direct or retail sales to New York or the United States.  Khaskelis Decl. Ex. 1 ¶¶ 9-10, 12-13.

35.    As part of its business development strategy, Meshi actively solicits business in the U.S. by routinely participating as an exhibitor at various U.S. trade shows, operating a website in English targeted at U.S. customers, and engaging in extensive marketing efforts for its brand in the U.S., including the State of New York. Rosenshine Decl. Ex. 1, section 28.

Response: Disputed.  This statement is merely the repetition of paragraph 2 of the Amended Complaint. Plaintiffs supplied no evidence in support of these allegations.  Moreover, the contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.   Meshi is purely a manufacturer.  Its products are sold on an "ex-work" basis.  Meshi's products are sold through various distributors, each of whom is entirely independent of Meshi.  Meshi has never engaged in any marketing efforts in respect of Star Gel in New York or in the United States.  Nor has Meshi ever arranged to have Star Gel be exhibited at trade shows in New York or the United States.  Khaskelis Decl. Ex. 1 ¶¶ 11, 19-20, 23-24.

36.     Meshi actively solicits business in the State of New York, as can be clearly seen from a section of its website showing some of its affiliates representing it in the State of New York (Amended Complaint, Exhibit 1, "Website Screenshot"). Rosenshine Decl. Ex. 1, section 29.

Response: Disputed.  This statement is merely the repetition of paragraph 3 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  Moreover, the contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  It is only agreed that Am. Compl. Ex. 1 lists various US distributors of the "Mon Platin" products, each of whom is entirely independent of Meshi.  Khaskelis. Decl. Ex 1 ¶¶ 11, 20.

37.     In 2004, in an effort to expand its business operations in New York State, Meshi entered into a written agreement with GMIE, a New York corporation, to manufacture for GMIE a hair gel bearing GMIE's Star Gel® trademark (Amended Complaint, Exhibit 2, "Original Agreement"; Amended Complaint, Exhibit 3, "Translated Agreement"). Rosenshine Decl. Ex. 1, section 30.

Response: Disputed.  This statement is merely the repetition of paragraph 4 of the Amended Complaint.  It is agreed that in 2004, Meshi entered into a written agreement with GMIE to manufacture for it a hair gel bearing a Star Gel trademark.  No such trademark was registered with the United States Patent and Trademark Offices. Am. Compl. Exs. 2 -3, 6.  It is disputed, and the Plaintiffs have provided no evidence to demonstrate, that Meshi entered into this agreement in an effort to expand its business operations in New York.  Moreover, the contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.

38.     According to section 7 of the agreement, GMIE has an exclusive right to the Star Gel® trademark with no time limit. Am. Compl. Exs. 2-3.

Response: Disputed.  This statement is merely the repetition of paragraph 5 of the Amended Complaint.  It is agreed that paragraph 7 of the 2004 Agreement states that "Buyer has exclusivity on this name [Star Gel, unregistered at that time] without time limit."  It is disputed that New York law permits the enforcement of agreements in perpetuity without an explicit agreement of the parties to bind themselves perpetually.

39.     GMIE introduced the hair gel bearing its Star Gel® trademark to the U.S. market and sold it to retail customers and distributors across the U.S., including AZ and Mr. Noach, who used to deliver the Star Gel® hair gel on behalf of GMIE to GMIE's customers. Rosenshine Decl. Ex. 1, section 32.

Response: Disputed.  This statement is merely the repetition of paragraph 6 of the Amended Complaint.  It is only agreed that the Plaintiffs and/or their predecessors in interest applied to the United States Patent and Trademark Office to register the Star Gel mark for the first time on May 9, 2017, and that the United States Patent and Trademark Office registered the Star Gel trademark on December 19, 2017.  Am. Compl. Ex. 6.  It is also agreed on the basis of the evidence supplied in Khaskelis Decl. Ex. 7 that GMIE supplied Star Gel to AZ and various other distributors in various states in the U.S until October 2015.

40.     AZ is a New York corporation based in Brooklyn, NY, that distributes grocery items, including products bearing Mr. Noach's federally registered U.S. trademarks "King Star Foods" and "JG Jasmine Gourmet", to retail stores across the U.S., including New York.  Mr. Noach is the owner and manager of AZ. Rosenshine Decl. Ex. 1, section 33.

Response:  Undisputed.  It is noted that this statement is merely the repetition of paragraph 7 of the Amended Complaint.

41.     On July 31, 2014, GMIE signed a trademark assignment agreement with IG in which GMIE assigns all rights to the Star Gel® trademark to IG (Amended Complaint, Exhibit 4, "Assignment Agreement 1"). Rosenshine Decl. Ex. 1, section 34.

Response: Undisputed that GMIE and IG entered into an assignment agreement on July 31, 2014 with regard to Star Gel.  It is disputed that Star Gel was a registered trademark at that time.  Am. Compl. Ex. 6.  It is noted that this statement is merely the repetition of paragraph 8 of the Amended Complaint.

42.     IG continued to market the Star Gel® brand in the U.S. in the same manner as GMIE. Rosenshine Decl. Ex. 1, section 35.

<u>Response</u>: Disputed.   It is only agreed that the Plaintiffs and/or their predecessors in interest applied to the United States Patent and Trademark Office to register the Star Gel mark for the first time on May 9, 2017, and that the United States Patent and Trademark Office registered the Star Gel trademark on December 19, 2017.  Am. Compl. Ex. 6.  It is also noted that this statement is merely the repetition of paragraph 9 of the Amended Complaint.  Moreover, the contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety. It is disputed that IG continued to market Star Gel in the U.S. after 2015 because Plaintiffs have failed to supply proof for this contention, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3.

43.    In November 2016, IG learned that Meshi has been actively deceiving IG's numerous U.S. customers, including AZ and Mr. Noach, by approaching them and selling them counterfeit versions of the Star Gel® hair gel (see Exhibit 5 for genuine Star Gel® and counterfeit Star Gel®). Rosenshine Decl. Ex. 1, section 36.

<u>Response</u>: Disputed.  This statement is merely the repetition of paragraph 10 of the Amended Complaint.  It was Mr. Noach who approached Meshi with regard to the one-time sale of 3,600 units of Star Gel (not registered) in the fall of 2016.  Khaskelis Decl. Ex. 1 ¶ 35.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

44.    Meshi has thereby effectively masterminded and established a sprawling counterfeiting operation targeted at IG's Star Gel® trademark, boasting multiple levels of distribution and retail channels across the supply chain throughout the U.S., including the State of New York, competing directly with IG and defrauding its customers. Rosenshine Decl. Ex. 1, section 37.

Response: Disputed. This statement is merely the repetition of paragraph 11 of the Amended Complaint. It was Mr. Noach who approached Meshi with regard to the one-time sale of 3,600 units of Star Gel (not registered) in the fall of 2016. Khaskelis Decl. Ex. 1 ¶ 35. Prior to contact from Mr. Noach, Meshi had no relationship with AZ. Khaskelis Decl. Ex. 1 ¶ 34. Moreover, the contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

45. Meshi initiates, organizes, and directs the counterfeit Star Gel® operation, including, but not limited to, sourcing all the raw materials in the supply chain to bring the counterfeit Star Gel® to market; reproducing replica packaging for the counterfeit Star Gel® products; overseeing the manufacturing, production, storage, and distribution of the counterfeit Star Gel® products, including the associated logistics activities; directing promotional and marketing efforts of the counterfeit Star Gel® products across the U.S., including the State of New York; deceiving Plaintiffs' customers in the U.S., including New York, by approaching them, offering them, and selling them counterfeit Star Gel® merchandise; negotiating the terms of sales transactions of counterfeit Star Gel® merchandise with Plaintiffs' customers in the U.S., including New York; and collecting payments from Plaintiffs' customers in the U.S., including New York, for the illicit sales of the counterfeit Star Gel® merchandise. Rosenshine Decl. Ex. 1, section 38.

Response: Disputed. It was Mr. Noach who approached Meshi with regard to the one-time sale of 3,600 units of Star Gel (not registered) in the fall of 2016. Khaskelis Decl. Ex. 1 ¶ 35. Moreover, the contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this

  
Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

46.     IG sent demand letters to Defendants on June 20, 2017, informing them of IG's valuable trademark rights and demanding that they cease all use of the Star Gel® trademark. Rosenshine Decl. Ex. 1, section 39.

Response: Disputed.   No Star Gel trademark was registered in June 20, 2017.  Am. Compl. Ex. 6.  It is agreed that IG sent a letter to Meshi on June 20, 2017 regarding the use of the Star Gel mark.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  It is also noted that this statement is merely the repetition of paragraph 12 of the Amended Complaint.

47.     Despite IG's demand from Defendants to stop the unauthorized distribution of its Star Gel® brand, Defendants continued to do so. Rosenshine Decl. Ex. 1, section 40.

Response: Disputed.  This statement is merely the repetition of paragraph 13 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As

previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  Plaintiffs have failed to provide any evidence showing that Meshi continued to engage in any efforts to sell Star Gel to anyone after the fall of 2016, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.   The only correspondence that the Plaintiffs and/or their predecessors in interest sent to Meshi with regard to AZ was on June 20, 2017, long after the one-time sale to AZ was complete.  Am. Compl. ¶ 12. Khaskelis Decl. Ex. 5 ¶ 15.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

48.  Star Gel® is a registered trademark of IG, bearing the U.S. Trademark Registration Number 5,359,134.  A true and correct copy of this registration is attached to the Amended Complaint as Exhibit 6. Rosenshine Decl. Ex. 1, section 41.

Response:  It is only agreed that on May 9, 2017, the Plaintiffs' predecessors in interests applied to the United States Patent and Trademark Office to register the Star Gel mark for the first time. The United States Patent and Trademark Office registered the Star Gel trademark on December 19, 2017.  Am. Compl. Ex. 6.  It is noted that this statement is merely the repetition of paragraph 14 of the Amended Complaint.

49.  On January 31, 2018, IG signed a trademark assignment agreement with Elazar Rosenshine in which IG assigns all rights to the Star Gel® trademark to Elazar Rosenshine, and on January 1, 2019, Elazar Rosenshine signed a trademark assignment agreement with Plaintiffs in which Elazar Rosenshine assigns all rights to the Star Gel® trademark to Plaintiffs (Amended Complaint, Exhibit 7, "Assignment Agreement 2"; Amended Complaint, Exhibit 8, "Assignment Agreement 3"). Rosenshine Decl. Ex. 1, section 42.

Response: Undisputed.  It is noted that this statement is merely the repetition of paragraph 15 of the Amended Complaint.

50.  Defendants continue to disregard Plaintiffs' demands and warnings to stop the unauthorized distribution of items that bear Plaintiffs' Star Gel® trademark. Rosenshine Decl. Ex. 1, section 43.

Response:  Disputed.  This statement is merely the repetition of paragraph 16 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for

summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence showing that Meshi continued to engage in any efforts to sell Star Gel to anyone after the fall of 2016, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. The only correspondence that the Plaintiffs and/or their predecessors in interest sent to Meshi with regard to AZ was on June 20, 2017, long after the one-time sale to AZ was complete. Am. Compl. ¶ 12. Khaskelis Decl. Ex. 5 ¶ 15. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

51.    Defendants have refused to respect Plaintiffs' rights, despite repeated demands from Plaintiffs since that time. Rosenshine Decl. Ex. 1, section 44.

Response:  Disputed. This statement is merely the repetition of paragraph 17 of the Amended Complaint. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. The only correspondence that the Plaintiffs and/or their predecessors in interest sent to Meshi with regard to AZ was on June 20, 2017, long after the one-time sale to AZ was complete. Am. Compl. ¶

12. Khaskelis Decl. Ex. 5 ¶ 15.

It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

52.     Plaintiffs have devoted substantial time, effort, and resources to the development and extensive promotion of the Star Gel® mark and the products offered thereunder. As a result of Plaintiffs' efforts, the public has come to recognize and rely upon the Star Gel® mark as an indication of the high quality associated with Plaintiffs' products. Rosenshine Decl. Ex. 1, section 45.

Response:  Disputed.  This statement is merely the repetition of paragraph 19 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  Moreover, all allegations in this paragraph regarding the public's recognition, reliance upon and association of Star Gel are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

53.     Plaintiffs have not consented to, sponsored, endorsed, or approved of Defendants' use of the Star Gel® trademark or any variations thereof in connection with the manufacture, marketing, or sale of any products or services. Rosenshine Decl. Ex. 1, section 46.

Response:  Disputed.  This statement is merely the repetition of paragraph 20 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the

say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).


54.   As of today, Defendants continue to use the Star Gel® trademark without authorization. Defendants' failure to comply with Plaintiffs' demands demonstrates a deliberate intent to continue wrongfully competing with Plaintiffs and to willfully counterfeit Plaintiffs' rights in the Star Gel® trademark. Rosenshine Decl. Ex. 1, section 47.

<u>Response</u>: Disputed. This statement is merely the repetition of paragraph 21 of the Amended Complaint. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in

interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

55.    Defendants' actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiffs' mark. Rosenshine Decl. Ex. 1, section 48.

Response: Disputed.  This statement is merely the repetition of paragraph 22 of the Amended Complaint.  Moreover, all allegations in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

56.    The products that Defendants are marketing and selling are offered through the same channels of distribution and to the same customers as Plaintiffs' Star Gel® brand. Rosenshine Decl. Ex. 1, section 49.

Response:  Disputed.  This statement is merely the repetition of paragraph 23 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after

discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

57.     Unless enjoined, the Defendants' conduct will continue to injure both Plaintiffs and the public. Rosenshine Decl. Ex. 1, section 50.

Response: Disputed. This statement is merely the repetition of paragraph 24 of the Amended Complaint. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. There are no actions of Meshi with regard to Star Gel that are left to enjoin. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations of injury to themselves or the public, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

58.     The products that are the subject of the Amended Complaint were, and continue to be, sold and/or offered for sale to customers, including consumers, in New York State,

including in this Judicial District. Rosenshine Decl. Ex. 1, section 51.

Response: Disputed. The Plaintiffs supplied no evidence in support of these allegations. This statement is merely the repetition of paragraph 27 of the Amended Complaint. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

59.    Meshi routinely does business in New York State. Not only did Meshi engage in business and contract with GMIE (the original rights holder for the Star Gel® trademark), which was a New York corporation, but Meshi also intentionally counterfeits Plaintiffs' Star Gel® brand, a federally registered trademark, and sells it in the U.S., including in this judicial district in the State of New York. Rosenshine Decl. Ex. 1, section 52.

Response: Disputed. This statement is merely the repetition of paragraph 28 of the Amended Complaint. It is only agreed that Meshi entered into agreements with GMIE and AZ in 2004 and 2016, respectively, both of which are New York companies, for the sale of Star Gel (not registered at the time). The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in

its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Although Meshi's products are sold around the world, Meshi is not and has never been authorized or registered to do business anywhere in the United States, including in New York.  Meshi has never made any direct or retail sales to New York or the United States.  Khaskelis Decl. Ex. 1 ¶¶ 9-10, 12-13.

60.     Meshi knowingly sells Plaintiffs' counterfeit Star Gel® trademark to customers in the U.S., some of which are based in New York, and therefore derives revenues and profits from its sales in New York. Meshi sells Plaintiffs' counterfeit Star Gel® brand in stores such as barbershops, hair salons, grocery stores, supermarkets, and pharmacies all over the U.S., including the State of New York and this judicial district.  Thus, Meshi's contact with New York is systematic and continuous for a substantial period of time. Rosenshine Decl. Ex. 1, section 53.

Response:  Disputed.  This statement is merely the repetition of paragraph 29 of the Amended Complaint.  It is only agreed that Meshi entered into agreements with GMIE and AZ in 2004 and 2016, respectively, both of which are New York companies, for the sale of Star Gel (not registered at the time). The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).   It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Although Meshi's products are

sold around the world, Meshi is not and has never been authorized or registered to do business anywhere in the United States, including in New York.  Meshi has never made any direct or retail sales to New York or the United States.  Khaskelis Decl. Ex. 1 ¶¶ 9-10, 12-13.

61.     The sale of Plaintiffs' counterfeit trademark in the U.S., including in New York, is the direct result of Meshi's manufacturing and sales of products bearing Plaintiffs' Star Gel® counterfeit trademark.  Meshi conspires with AZ and Mr. Noach to counterfeit Plaintiffs' Star Gel® trademark and sell it in New York as well as elsewhere in the U.S. Rosenshine Decl. Ex. 1, section 54.

<u>Response</u>:  Disputed.  This statement is merely the repetition of paragraph 30 of the Amended Complaint.  Moreover, the allegations claiming a conspiracy between Meshi and AZ to engage in counterfeiting are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Although Meshi's products are sold around the world, Meshi is not and has never been authorized or registered to do business anywhere in the United States, including in New York.  Meshi has never made any direct or retail sales to New York or the United States.  Khaskelis Decl. Ex. 1 ¶¶ 9-10, 12-13.

62.     Meshi knowingly and willfully engages in its counterfeiting activities, as it actually removed the [TM] sign from the artwork of its counterfeit product to demonstrate that it does not recognize Plaintiffs' rights to their trademark, and printed AZ's contact information on the counterfeit product's artwork as its agent in New York (complete with an address in New York indicating a Brooklyn location).  This proves that Meshi knowingly makes New York sales of Plaintiffs' counterfeit Star Gel® trademark.  Rosenshine Decl. Ex. 1, section

55.

Response: Disputed. This statement is merely the repetition of paragraph 31 of the Amended Complaint. It is only agreed that in 2016, Meshi printed a Star Gel label for AZ that contained AZ's name and contact information and did not include the <sup>TM</sup> sign. Moreover, the allegations of knowing and willful behavior in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The Plaintiffs supplied no evidence in support of these and the remaining allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

63.     Meshi's counterfeit merchandise bears labels that are written entirely in English (copied verbatim from Plaintiffs' original artwork and design), which are clearly intended for the U.S. market. Rosenshine Decl. Ex. 1, section 56.

Response: Disputed. This statement is merely the repetition of paragraph 32 of the Amended Complaint. It is only agreed that the labels created for GMIE and AZ were in English. Plaintiffs supplied no evidence in support of the remaining allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis

for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

64.     AZ and Mr. Noach are both based in New York and routinely conduct business in New York State and across the U.S. Rosenshine Decl. Ex. 1, section 57.

Response: It is undisputed that AZ is based in New York.  It is unknown where Mr. Noach is based.  It is noted that this statement is merely a repetition of Paragraph 33 of the Amended Complaint.

65.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Star Gel® trademark on goods covered by registration for the Star Gel® trademark. Rosenshine Decl. Ex. 1, section 58.

Response: Disputed.  This statement is merely the repetition of Paragraph 36 of the Amended Complaint.  According to Plaintiffs' own evidence in Am. Compl. Ex. 5, the labels used for Star Gel sold to GMIE (2004-2012) were distinct from the labels used for Star Gel sold to AZ (fall 2016).  The latter bear AZ's name and contact information rather than GMIE's name and information and do not have a ™ sign.  Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6. Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is

disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

66.     Defendants have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale, and distribution of goods. Rosenshine Decl. Ex. 1, section 59.

Response: Disputed. This statement is merely the repetition of Paragraph 37 of the Amended Complaint. Moreover, the allegations of knowledge in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

67.     Defendants' use of the Star Gel® trademark to advertise, promote, offer for sale, distribute and sell Defendants' goods was and is without the consent of Plaintiffs. Rosenshine Decl. Ex. 1, section 60.

Response: Disputed. This statement is merely the repetition of Paragraph 38 of the Amended Complaint. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after

discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

68. Defendants' unauthorized use of the Star Gel® trademark on and in connection with Defendants' advertisement, promotion, sale, offering for sale, and distribution of goods constitute Defendants' use of the Star Gel® trademark in commerce. Rosenshine Decl. Ex. 1, section 61.

Response: Disputed. This statement is merely the repetition of Paragraph 39 of the Amended Complaint. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

69. Defendants' unauthorized use of the Star Gel® trademark as set forth above is likely

to: cause confusion, mistake, and deception; (b) cause the public to believe that Defendants' goods are the same as Plaintiffs' goods or that Defendants are authorized, sponsored or approved by Plaintiffs or that Defendants are affiliated, connected or associated with or in some way related to Plaintiffs; and (c) result in Defendants unfairly benefiting from Plaintiffs' advertising and promotion and profiting from the reputation of Plaintiffs and their Star Gel® trademark all to the substantial and irreparable injury of the public, Plaintiffs and Plaintiffs' Star Gel® trademark and the substantial goodwill represented thereby. Rosenshine Decl. Ex. 1, section 62.

Response: Disputed.  This statement is merely the repetition of Paragraph 40 of the Amended Complaint.  Moreover, the allegations regarding the likelihood of confusion, mistake, deception and the public's beliefs are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

70.      Defendants' acts are both willful and malicious. Rosenshine Decl. Ex. 1, section 63.

Response:  Disputed.  This statement is merely the repetition of Paragraph 42 of the Amended Complaint.  Moreover, the allegations of willfulness and maliciousness on the part of Meshi in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as

Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

71.    Plaintiffs' Star Gel® trademark is distinctive and associated in the mind of the public with the Plaintiffs. Rosenshine Decl. Ex. 1, section 64.

Response:  Disputed.  This statement is merely the repetition of Paragraph 47 of the Amended Complaint.  Moreover, the allegations of the mark's distinctiveness and the public's knowledge and associations regarding Star Gel in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding the alleged loss of goodwill, reputational harm or unsuccessful attempts to market or sell Star Gel following Meshi's one-time sale of Star Gel to AZ, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in

interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812.  Khaskelis Decl. Ex. 7.

72.     Additionally, based on the Plaintiffs' extensive advertising, sales, and the popularity of their own products, Plaintiffs' Star Gel® trademark has acquired secondary meaning so that the public associates the Star Gel® trademark exclusively with the Plaintiffs. Rosenshine Decl. Ex. 1, section 65.

Response:  Disputed.  This statement is merely the repetition of Paragraph 48 of the Amended Complaint.   Moreover, the allegations of the public's associations regarding Star Gel in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding the alleged loss of goodwill, reputational harm or unsuccessful attempts to market or sell Star Gel following Meshi's one-time sale of Star Gel to AZ, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

73.     Plaintiffs own all right, title, and interest in and to the Star Gel® trademark, as described above, including all common law rights in the Star Gel® trademark. Rosenshine Decl. Ex. 1, section 66.

<u>Response</u>: It is agreed that on May 9, 2017, the Plaintiffs' predecessors in interests applied to the United States Patent and Trademark Office to register the Star Gel mark for the first time. The United States Patent and Trademark Office registered the Star Gel trademark on December 19, 2017.  Am. Compl. Ex. 6.  It is noted that this statement is merely the repetition of paragraph 49 of the Amended Complaint.

74.     The Defendants have used counterfeit reproductions of the Star Gel® trademark, in connection with the advertising, sale, offering for sale, and/or distribution of goods for their own financial gain. Rosenshine Decl. Ex. 1, section 67.

<u>Response</u>: Disputed.  This statement is merely the repetition of Paragraph 50 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

75.     The products sold by Defendants incorporate imitations of Plaintiffs' common law trademark. Rosenshine Decl. Ex. 1, section 68.

<u>Response</u>: Disputed.  This statement is merely the repetition of Paragraph 51 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in

this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

76. Plaintiffs have not authorized the Defendants' use of the Star Gel® trademark. Rosenshine Decl. Ex. 1, section 69.

Response: Disputed. This statement is merely the repetition of Paragraph 52 of the Amended Complaint. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

77. The Defendants' unauthorized use of Plaintiffs' Star Gel® trademark constitutes the use of Plaintiffs' registered marks in commerce. Rosenshine Decl. Ex. 1, section 70.

Response: Disputed.  This statement is merely the repetition of Paragraph 53 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence supporting these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

78.     The Defendants' unauthorized use of Plaintiffs' Star Gel® trademark is causing confusion, mistake, and deception to the public that believes that the Defendants' products emanate or originate from the Plaintiffs, when they do not, or that the Plaintiffs have authorized, sponsored, approved, or otherwise associated themselves with the Defendants or their counterfeiting products bearing the Plaintiffs' trademark. Rosenshine Decl. Ex. 1, section 71.

Response: Disputed.  This statement is merely the repetition of Paragraph 54 of the Amended Complaint.   Moreover, the allegations regarding the likelihood of confusion, mistake, deception and the public's beliefs about Star Gel in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October

17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding these allegations, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript). Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

79.     The Defendants' unauthorized use of the Plaintiffs' Star Gel® trademark has resulted in the Defendants unfairly and illegally benefitting from the Plaintiffs' goodwill. Rosenshine Decl. Ex. 1, section 72.

Response: Disputed.  This statement is merely the repetition of Paragraph 55 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding these allegations, including the alleged harm to their goodwill, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

80.     This conduct has caused substantial and irreparable injury to the public, to Plaintiffs, to Plaintiffs' trademark, and the substantial goodwill represented thereby.

Rosenshine Decl. Ex. 1, section 73.

Response: Disputed.  This statement is merely the repetition of Paragraph 56 of the Amended Complaint.  Moreover, the allegations regarding the substantial and irreparable injury, both to the public and the Plaintiffs, in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding these allegations of the harm they suffered, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

81.     The Defendants' acts have caused, and will continue to cause, irreparable injury to the Plaintiffs. Rosenshine Decl. Ex. 1, section 74.

Response: Disputed.  This statement is merely the repetition of Paragraph 58 of the Amended Complaint.  Moreover, the allegations regarding the future irreparable injury to the Plaintiffs in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed

on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding these allegations of the harm they suffered, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

82.     The Defendants' egregious conduct in repeatedly selling counterfeit merchandise bearing the unauthorized Plaintiffs' Star Gel® trademark is willful and intentional, constituting an exceptional case. Rosenshine Decl. Ex. 1, section 75.

Response: Disputed.  This statement is merely the repetition of Paragraph 60 of the Amended Complaint.  Moreover, the allegations regarding Meshi's egregious, willful and intentional behavior in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  Similarly, the allegation that Meshi's behavior constitutes an exception case is not understood and is disputed as it is not a statement of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but, is, at best, an argument.  Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding these allegations of the harm they suffered, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It

is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

83.     The actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case. Rosenshine Decl. Ex. 1, section 76.

<u>Response</u>: Disputed.  This statement is merely the repetition of Paragraph 62 of the Amended Complaint.  Moreover, the allegations regarding Meshi's willful and intentional behavior in this paragraph are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. Similarly, the allegation that Meshi's behavior constitutes an exception case is not understood and is disputed as it is not a statement of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but, is, at best, an argument.  Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding these allegations of the harm they suffered, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

84.     By making unauthorized use, in interstate commerce, of Plaintiffs' Star Gel® trademark, the Defendants have used a "false designation of origin" that causes confusion, mistake, and deception as to the affiliation or connection of the Defendants with Plaintiffs and as to the origin, sponsorship, association or approval of the Defendants' services and goods by Plaintiffs. Rosenshine Decl. Ex. 1, section 77.

<u>Response</u>: Disputed.  This statement is merely the repetition of Paragraph 65 of the Amended

Complaint. Moreover, the allegations regarding confusion, mistake or deception to the public are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information. Plaintiffs have failed to provide any evidence regarding these allegations of confusion, mistake and deception, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

85.    Defendants engage in counterfeiting of the Star Gel® product packaging design, consisting of a one-liter clear transparent plastic round jar with a diameter of 4.75 inches and a height of 5.25 inches, capped with a round, glossy white plastic dome-like screw cap overhanging the circumference of the jar, and printed with the distinctive Star Gel® logo in black faux- script lettering that features a capital letter "G" that incorporates a capital letter "J" in its design, which stands for "Jojoba" (the key ingredient), and replaces the letter "a" with a hollow five-point star. Additionally, the slogan "The Top Jojoba Hair Gel" is printed below the Star Gel® logo in the same font, terminating at the bottom of the letter "G". Below the logo and the slogan, the word "Jojoba" is printed in the center, and below it, the words "Hair Gel" are printed between two horizontal lines. All these design elements consist of the distinctive Star Gel® product packaging design, which has acquired secondary meaning in the marketplace and is instantly recognizable to customers in New York and across the U.S., serving the source-identification function for them. By slavishly copying all these design elements, Defendants seek to appropriate Plaintiffs' original design and capitalize on their brand recognition in New York and across the U.S., fully intending to defraud the public at large. Rosenshine Decl. Ex. 1, section 78.

Response: Disputed. The allegations regarding a distinctive packaging design, the mark's acquisition of secondary meaning in the marketplace and the product's brand recognition by New York and U.S. customers are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. Similarly, the allegations regarding Meshi's intent are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information. As such, the packaging of the two products differed. Am. Compl. Ex. 5. Plaintiffs have failed to provide any evidence regarding these allegations of confusion, mistake and deception, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript). Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

86.     Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the Defendants' products as those of Plaintiffs. Rosenshine Decl. Ex. 1, section 79.

Response: Disputed. This statement is merely the repetition of Paragraph 66 of the Amended Complaint. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the

say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  Am. Compl. Ex. 5.  Plaintiffs have failed to provide any evidence regarding these allegations of confusion, mistake and deception, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

87.     The Star Gel® trademark is famous and distinctive. The Star Gel® brand is well known by customers in New York and across the U.S., thanks to many years of devoted, extensive marketing efforts by Plaintiffs and their predecessors. Rosenshine Decl. Ex. 1, section 80; Khaskelis Decl. Ex. 10, section 14 in page 8 and section 14 in page 13.

Response:  Disputed.  This statement is merely the repetition of Paragraphs 19 and 74 of the Amended Complaint.  The allegations regarding the Star Gel mark being famous, distinctive and well-known by customers in New York and across the U.S. are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October

17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of their marketing efforts and harm suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript). Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

88.     The Star Gel® trademark is a distinctive mark that has been in use for many years and plays a prominent role in Plaintiffs' marketing, advertising, and the popularity of their products across many different media. Rosenshine Decl. Ex. 1, section 81.

<u>Response</u>:  Disputed.  This statement is merely the repetition of Paragraph 75 of the Amended Complaint.  The allegations regarding the Star Gel mark's distinctiveness and popularity are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of their marketing efforts and harm suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31,

lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

89.    The Star Gel® trademark has been through prominent, long, and continuous use in commerce, becoming, and continues to become, famous and distinctive. Rosenshine Decl. Ex. 1, section 82.

Response:  Disputed.  This statement is merely the repetition of Paragraph 76 of the Amended Complaint.  The allegations regarding the Star Gel mark's past, present and future fame, prominence and distinction are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of their marketing efforts and harm suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

90.    The Star Gel® trademark is famous long before the Defendants began using unauthorized reproductions, counterfeits, copies, and colorable imitations on their unauthorized merchandise. Rosenshine Decl. Ex. 1, section 83.

Response:  Disputed.  This statement is merely the repetition of Paragraph 77 of the Amended Complaint.  The allegations regarding Star Gel's fame are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III

(A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of their marketing efforts and harm suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812.  Khaskelis Decl. Ex. 7.

91.     Long after the Star Gel® trademark became famous, the Defendants, without authorization from Plaintiffs, used unauthorized reproductions, counterfeits, copies, and colorable imitations of the Star Gel® trademark. Rosenshine Decl. Ex. 1, section 84.

<u>Response</u>:  Disputed.  This statement is merely the repetition of Paragraph 78 of the Amended Complaint.  The allegations regarding Star Gel's fame are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As

previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding allegations of their marketing efforts and harm suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript). Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

92.    The Star Gel® trademark has gained widespread publicity and public recognition in New York and elsewhere. Rosenshine Decl. Ex. 1, section 85.

Response: Disputed. This statement is merely the repetition of Paragraph 79 of the Amended Complaint. The allegations regarding Star Gel's widespread publicity and public recognition in New York and elsewhere are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding allegations of their marketing efforts and harm suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript). Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013

and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

93.    The Defendants' sale of goods that use the Star Gel® trademark constitutes use in commerce of Plaintiffs' Star Gel® trademark. Rosenshine Decl. Ex. 1, section 86.

Response:  Disputed.  This statement is merely the repetition of Paragraph 80 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of their marketing efforts and harm suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

94.    Plaintiffs have not licensed or otherwise authorized the Defendants' use of their Star Gel® trademark. Rosenshine Decl. Ex. 1, section 87.

Response:  Disputed.  This statement is merely the repetition of Paragraph 81 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no

evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding their allegations of the harm suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

95.    Defendants' unauthorized use of the Star Gel® trademark causes consumers to locate and purchase the Defendants' products in the erroneous belief that the Defendants are associated with, sponsored by or affiliated with Plaintiffs, and/or that Plaintiffs are the source of those products. Rosenshine Decl. Ex. 1, section  88.

<u>Response</u>:  Disputed.  This statement is merely the repetition of Paragraph 82 of the Amended Complaint.  The allegations regarding consumers' beliefs and behavior with regard to Star Gel are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that

bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

96.     The Defendants' use of Plaintiffs' Star Gel® trademark dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Plaintiffs' goods. Rosenshine Decl. Ex. 1, section 89.

Response:  Disputed.  This statement is merely the repetition of Paragraph 83 of the Amended Complaint.  The allegations regarding the dilution/likely dilution of the distinctive qualify of the mark are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.   Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

97.     The Defendants' unlawful use of the Star Gel® trademark, in connection with inferior goods, is also likely to tarnish that trademark and cause blurring in the minds of

consumers between Plaintiffs and the Defendants, thereby lessening the value of Plaintiffs' Star Gel® trademark, as unique identifiers of Plaintiffs' products. Rosenshine Decl. Ex. 1, section 90.

Response:  Disputed.  This statement is merely the repetition of Paragraph 84 of the Amended Complaint.  The allegations regarding consumers' beliefs with regard to Star Gel are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  Similarly, the allegations with regard to the inferior nature of the goods supplied by Meshi to AZ are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

98.     By the acts described above, the Defendants have diluted, and are likely to dilute the distinctiveness of the Star Gel® trademark, and caused a likelihood of harm to Plaintiffs' business reputation. Rosenshine Decl. Ex. 1, section 91.

Response:  Disputed.  This statement is merely the repetition of Paragraph 85 of the Amended Complaint.  The allegations regarding the dilution/likely dilution of the distinctive qualify of the mark are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

99.     As a direct result of Defendants' actions, Plaintiffs have suffered and continue to suffer damages consisting of, among other things, diminution in the value of and goodwill associated with the Star Gel® mark, and injury to Plaintiffs' business. Rosenshine Decl. Ex. 1, section 92.

Response:  Disputed.  This statement is merely the repetition of Paragraph 88 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no

evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding their allegations of the harm suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).


100.   Defendants' actions described above and specifically, without limitation, Defendants' use of the Star Gel® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell goods that use the Star Gel® trademark throughout the United States including New York, constitute unfair competition and false advertising. Rosenshine Decl. Ex. 1, section 93.

<u>Response</u>:  Disputed.  This statement is merely the repetition of Paragraph 90 of the Amended Complaint. The allegations regarding whether the labels for 3,600 units of Star Gel that Meshi produced for AZ are confusingly similar to the Plaintiffs' product labels are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather

than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  Pursuant to evidence provided by the Plaintiffs, Plaintiffs sold a total of 2,131 units of Star Gel in and outside of New York state between January 1, 2013 and October 19, 2015, for a total revenue of $19,812. Khaskelis Decl. Ex. 7.

101.    The Defendants have palmed off their goods as Plaintiffs', improperly trading upon the Plaintiffs' goodwill and valuable rights including Star Gel® trademark. Rosenshine Decl. Ex. 1, section 94.

Response:  Disputed.  This statement is merely the repetition of Paragraph 91 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

102.    Through their importation, advertisement, distribution, offer to sell and sale of unauthorized products bearing the Star Gel® trademark, Defendants have engaged in consumer-oriented conduct that has affected the public interest of the United States including New York and has resulted in injury to consumers throughout the United States including New York. Rosenshine Decl. Ex. 1, section 95.

<u>Response</u>: Disputed. This statement is merely the repetition of Paragraph 110 of the Amended Complaint. The allegations regarding the effect and harm to public interest and injury to consumers in the US are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information. As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

103.   The Defendants' deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed their marketing activities, and Plaintiffs have been injured thereby. Rosenshine Decl. Ex. 1, section 96.

<u>Response</u>: Disputed. This statement is merely the repetition of Paragraph 111 of the Amended Complaint. The allegations regarding Meshi's deceptive or materially misleading acts or practices and whether they have deceived or have a tendency to deceive a material segment of the relevant public are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, best, arguments. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the

say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.   Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.   It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

104.     The Defendants have committed the above-alleged acts willfully, and in conscious disregard of Plaintiffs' rights. Rosenshine Decl. Ex. 1, section  97.

Response:  Disputed.  This statement is merely the repetition of Paragraph 92 of the Amended Complaint.   The allegations regarding Meshi's willfulness or conscious disregard of the Plaintiffs' rights are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, best, arguments. The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell

any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

105.    By the acts described above, the Defendants have engaged in unfair competition. Rosenshine Decl. Ex. 1, section 98.

Response:  Disputed.  This statement is merely the repetition of Paragraph 93 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information. As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

106.     Customers, including consumers, are misled and deceived by Defendants'
representations regarding Plaintiffs' Star Gel® trademark. Rosenshine Decl. Ex. 1, section
99.

Response:  Disputed.  This statement is merely the repetition of Paragraph 94 of the Amended
Complaint.  The allegations regarding the customers'/consumers' beliefs regarding Star Gel
are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and
this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs
supplied no evidence in support of these allegations.  The contentions stated in this paragraph
are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.
The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not
admissible evidence for the purposes of this motion for summary judgment of the type
contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is
an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed
on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These
allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part
of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis
for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this
Declaration must be stricken in its entirety.  As previously indicated, since making the one-
time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell
any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.
Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel®
trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding
allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's
March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2,
3, 4, 8, 11, 12, 13, 14, 17, 19, 20.   Contrary to the allegations in this paragraph, and pursuant
to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that
bore AZ's name and contact information rather than GMIE's name and information.  As such,
the packaging of the two products differed, and the product sold to AZ in no way represented
these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest
were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis
Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the
transcript).

107.     Defendants knew or should have known that their statements were false or likely to
mislead. Rosenshine Decl. Ex. 1, section 100.

Response:  Disputed.  This statement is merely the repetition of Paragraph 95 of the Amended
Complaint.   The allegations regarding Meshi's knowledge are disputed as they are not
statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual
Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in
support of these allegations.  The contentions stated in this paragraph are the type that must be

supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

108.    Defendants have been unjustly enriched by illegally using and misappropriating Plaintiffs' intellectual property for Defendants' own financial gain. Rosenshine Decl. Ex. 1, section 101.

Response:  Disputed.  This statement is merely the repetition of Paragraph 96 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the

Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.   It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

109.    As an actual and proximate result of Defendants' willful and intentional actions, Plaintiffs have suffered and continue to suffer damages including irreparable harm and damage to their business, reputation, and goodwill. Rosenshine Decl. Ex. 1, section 102.

Response:  Disputed.  This statement is merely the repetition of Paragraph 97 of the Amended Complaint.  The allegations regarding the willful and intentional nature of Meshi's actions are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis

Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

110.    The actions of Defendants described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the Star Gel® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell Star Gel® products throughout the United States and New York, constitute contributory trademark counterfeiting and infringement. Rosenshine Decl. Ex. 1, section 103.

Response:  Disputed.  This statement is merely the repetition of Paragraph 100 of the Amended Complaint.   The allegations regarding the customers'/consumers' confusion and beliefs regarding Star Gel are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, best, arguments. The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

111.    The actions of Defendants as alleged above were a real agreement or confederation with a common design to perpetrate one or more torts for an unlawful purpose or by an unlawful means. Rosenshine Decl. Ex. 1, section 104.

<u>Response</u>:  Disputed.  This statement is merely the repetition of Paragraph 116 of the Amended Complaint.  The allegations regarding the purpose of the agreement between Meshi and AZ are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

112.     Each and every Defendant is equally and vicariously liable to Plaintiffs for their damages proximately caused thereby. Rosenshine Decl. Ex. 1, section 105.

<u>Response</u>:  Disputed.  This statement is merely the repetition of Paragraph 117 of the Amended Complaint.  The allegations regarding Meshi's equal and vicarious liability are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions

made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information. As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

113.   Plaintiffs have performed all conditions, covenants, and promises required to be performed by Plaintiffs in accordance with the terms of their written agreement with Meshi (Amended Complaint, Exhibit 2, "Original Agreement"; Amended Complaint, Exhibit 3, "Translated Agreement"). Rosenshine Decl. Ex. 1, section 106.

Response: Disputed. This statement is merely the repetition of Paragraph 119 of the Amended Complaint. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. The Plaintiffs have supplied no evidence demonstrating that the Plaintiffs and/or their predecessors in interest paid all amounts owed to Meshi for the purchases of Star Gel from Meshi between November 1, 2004 and March 24, 2022, despite Meshi's March 24, 2022 Document Requests seeking this information. Khaskelis Decl. Ex. 5 ¶ 16. To the contrary, as demonstrated in Khaskelis Decl. Ex. 4, the Plaintiffs and/or their predecessors in interest failed to pay a final payment of US $1,967.64 to Meshi for Star Gel supplied in 2012, which remains outstanding.

114.    As detailed above, Meshi has breached, and continues to breach, § 7 of its written agreement with Plaintiffs by selling merchandise bearing Plaintiffs' Star Gel® trademark to third parties, including Plaintiffs' New York customers. Rosenshine Decl. Ex. 1, section 107.

Response:  Disputed.  This statement is merely the repetition of Paragraph 120 of the Amended Complaint.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs and/or their predecessors in interest and Meshi have had no contractual relationship since 2012, the last time when the Plaintiffs' predecessors in interest sourced any Star Gel (or anything else) from Meshi.  Khaskelis Decl. Ex. 1 ¶¶ 31, 33; Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 5 ¶¶ 5, 6, 7, 15.

115.    Meshi has breached, and continues to breach, its written agreement with Plaintiffs by unfairly interfering with Plaintiffs' right to receive the benefits of the agreement, by contracting with third parties, including Plaintiffs' New York customers, in a manner that capitalizes on Plaintiffs' well-known Star Gel® trademark and deprives Plaintiffs of profits from its commercial exploitation. Rosenshine Decl. Ex. 1, section 108.

Response:  Disputed.  This statement is merely the repetition of Paragraph 124 of the Amended Complaint.  The allegations stating that Star Gel is well-known are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt

by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs and/or their predecessors in interest and Meshi have had no contractual relationship since 2012, the last time when the Plaintiffs' predecessors in interest sourced any Star Gel (or anything else) from Meshi. Khaskelis Decl. Ex. 1 ¶ 33; Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 5 ¶¶ 5, 6, 7, 15. Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information. As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript). The Plaintiffs and/or their predecessors in interest and Meshi have had no contractual relationship since 2012, the last time when the Plaintiffs' predecessors in interest sourced any Star Gel (or anything else) from Meshi. Khaskelis Decl. Ex. 1 ¶¶ 31, 33; Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 5 ¶¶ 5, 6, 7, 15.

116.    As a direct and proximate result of Meshi's breaches of its written agreement with Plaintiffs as aforesaid, Plaintiffs have suffered, and will continue to suffer, enormous monetary damages. Rosenshine Decl. Ex. 1, section 109.

<u>Response</u>: Disputed. This statement is merely the repetition of Paragraph 121 of the Amended Complaint. The allegations regarding the enormity of the Plaintiffs' past and future monetary damages are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, best, arguments. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this

Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs and/or their predecessors in interest and Meshi have had no contractual relationship since 2012, the last time when the Plaintiffs' predecessors in interest sourced any Star Gel (or anything else) from Meshi.  Khaskelis Decl. Ex. 1 ¶ 33; Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 5 ¶¶ 5, 6, 7, 15.  Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.  Contrary to the allegations in this paragraph, and pursuant to the Plaintiffs' evidence in Am. Compl. Ex. 5, Meshi sold 3,600 units of Star Gel to AZ that bore AZ's name and contact information rather than GMIE's name and information.  As such, the packaging of the two products differed, and the product sold to AZ in no way represented these products as the Plaintiffs'.  It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).  The Plaintiffs and/or their predecessors in interest and Meshi have had no contractual relationship since 2012, the last time when the Plaintiffs' predecessors in interest sourced any Star Gel (or anything else) from Meshi. Khaskelis Decl. Ex. 1 ¶¶ 31, 33; Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 5 ¶¶ 5, 6, 7, 15.

117.    Meshi never submitted initial disclosures. Rosenshine Decl. Ex. 1, section 110.

Response: Disputed. Meshi made three document productions, dated April 28, 2022, May 26, 2022 and June 21, 2022 that contain all documents in Meshi's possession, custody and control with regard to the present dispute.

118.    Plaintiffs, their predecessors, and their family members have suffered enormous damages as a result of Defendants' counterfeiting of the Star Gel® products. Khaskelis Decl. Ex. 10, section 21 in page 8 and section 21 in page 13.

Response:  Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022

Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

119. Plaintiffs, their predecessors, and their family members have lost sales of the Star Gel® products, have lost sales of complementary products, and have suffered lasting goodwill and reputational damages. Khaskelis Decl. Ex. 10, section 22 in page 8 and section 22 in page 13.

<u>Response</u>: Disputed. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

120. Since 2016, when Plaintiffs, their predecessors, and their family members learned of Defendants' counterfeiting activities, they have all been spending countless hours educating customers on how to distinguish between genuine and counterfeit Star Gel® products. Khaskelis Decl. Ex. 10, section 23 in page 8 and section 23 in page 13.

<u>Response</u>:  Disputed.  The allegations regarding the countless hours that the Plaintiffs/their predecessors/family members spent educating customers are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.   As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.   It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

121.    Despite their best efforts, rampant confusion persists among customers of the Star Gel® products as a consequence of Defendants' counterfeiting activities. Khaskelis Decl. Ex. 10, section 24 in page 9 and section 24 in page 14.

<u>Response</u>:  Disputed.  The allegations regarding the customers' rampant confusion with regard to Star Gel are disputed as they are not statements of fact at all as contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h) but are, at best, arguments.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this

Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

122.    Plaintiffs' and their predecessors' integrity in the market as the exclusive owners of the Star Gel® trademark has been severely compromised and permanently impaired as a consequence of Defendants' counterfeiting activities. Khaskelis Decl. Ex. 10, section 25 in page 9 and section 25 in page 14.

Response:  Disputed. The Plaintiffs supplied no evidence in support of these allegations. The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs. The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h). It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89). These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter. Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration. As such, this Declaration must be stricken in its entirety. As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone. Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50. Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark. Am. Compl. Ex. 6. The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information. Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20. It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015. Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).

123.    Plaintiffs, their predecessors, and their family members have suffered severe emotional distress and mental anguish as a result of Defendants' counterfeiting activities. Khaskelis Decl. Ex. 10, section 26 in page 9 and section 26 in page 14.

<u>Response</u>:  Disputed.  The Plaintiffs supplied no evidence in support of these allegations.  The contentions stated in this paragraph are the type that must be supported by evidentiary proof rather than the say-so of the Plaintiffs.  The October 17, 2022 Rosenshine Declaration, which the Plaintiffs attach as Exhibit 1, is not admissible evidence for the purposes of this motion for summary judgment of the type contemplated by Local Rule 56.1 and this Court's Individual Practices III (A)(6)(g)-(h).  It is an unsupported set of contentions made by the Plaintiffs after discovery in this matter closed on August 1, 2022 pursuant to Judge Bloom's June 9, 2022 Order (ECF Doc. 89).  These allegations represent an unabashed attempt by the Plaintiffs to flout this Order and are not part of the discovery record in this matter.  Furthermore, the Plaintiffs supplied no evidentiary basis for the allegations made in the October 17, 2022 Rosenshine Declaration.  As such, this Declaration must be stricken in its entirety.  As previously indicated, since making the one-time sale of 3,600 units to AZ in the fall of 2016, Meshi did not produce, attempt to sell or sell any additional units of Star Gel to anyone.  Khaskelis Decl. Ex. 1 ¶¶ 21-24, 33-36, 43, 50.  Meshi never sold or attempted to sell any Star Gel® to anyone and never utilized the Star Gel® trademark.  Am. Compl. Ex. 6.  The Plaintiffs have failed to provide any evidence regarding allegations of the harm they suffered as a result of Meshi's one-time sale, despite Meshi's March 24, 2022 Document Requests seeking such information.  Khaskelis Decl. Ex. 5 ¶¶ 1, 2, 3, 4, 8, 11, 12, 13, 14, 17, 19, 20.   It is disputed that the Plaintiffs or their predecessors in interest were attempting to sell or selling any Star Gel after 2015.  Khaskelis Decl. Ex. 7; Khaskelis Decl. Ex. 8 (p. 18, lines 5-15, p. 19, lines 1-2, p. 26, lines 8-14, p. 31, lines 9-18 of the transcript).


 Dated:  November 3, 2022                          Respectfully submitted,
         New York, New York

                                        <u>*/s/ Allison Khaskelis*</u>
                                        Allison Khaskelis, Esq.
                                        ASSERSON HILLER P.C.
                                        11 Broadway, Suite 615
                                        New York, New York 10004
                                        Telephone: (212) 939-7585
                                        Facsimile:  (212) 939-6406


                                        *Attorneys for Defendant*
                                        *A. Meshi Cosmetics Industries Ltd.*