# LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK

*Adopted* by the Boards of Judges of the
Eastern District of New York and the
Southern District of New York
*Approved* by the Judicial Council of the Second Circuit

**Effective October 15, 2021**
**with amendments to Joint Local Rule 1.5(d)**

Joint Local Rules, S.D.N.Y. and E.D.N.Y.
Effective October 15, 2021

**COMMITTEE NOTE**

Although Fed. R. Civ. P. 55(b) does not require service of notice of an application for a default judgment upon a party who has not appeared in the action, the Committee believes that experience has shown that mailing notice of such an application is conducive to both fairness and efficiency, and has therefore recommended a new Local Civil Rule 55.2(c) providing for such mailing.

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

(a)  Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b)  The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c)  Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d)  Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

Joint Local Rules, S.D.N.Y. and E.D.N.Y.<br>Effective October 15, 2021

## COMMITTEE NOTE

The requirement embodied in Local Civil Rule 56.1 is firmly rooted in the local practice of the Southern and Eastern Districts, and the Committee recommends its retention. The language of Local Civil Rule 56.1 was revised in 2004 to make clear that any statement pursuant to Local Civil Rule 56.1 must be divided into brief, numbered paragraphs, that any opposing statement must respond specifically and separately to each numbered paragraph in the statement, and that all such paragraphs in both statements and opposing statements must be supported by citations to specific evidence of the kind required by Fed. R. Civ. P. 56(c). The Committee believes that the language adopted in 2004 sets forth these requirements clearly, and it does not recommend any changes in that language.

**Local Civil Rule 56.2. Notice to Pro Se Litigant Who Opposes a Summary Judgment**

Any represented party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached. Where the pro se party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

## NOTICE TO PRO SE LITIGANT WHO OPPOSES A MOTION FOR SUMMARY JUDGMENT

The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

Joint Local Rules, S.D.N.Y. and E.D.N.Y.
Effective October 15, 2021

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the Court may accept defendant's facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

### COMMITTEE NOTE

Local Civil Rule 56.2 plays a valuable role in alerting *pro se* litigants to the potentially serious consequences of a motion for summary judgment, and to the requirements for opposing such a motion. The Committee recommends certain changes in the text of the notice required by the rule in order to make it more understandable to non-lawyers.

**Local Civil Rule 58.1. Remand by an Appellate Court**

Any mandate, order, or judgment of an appellate court, when filed in the office of the Clerk of the District Court, shall automatically become the order or judgment of the District Court and be entered as such by the Clerk without further order, except if such mandate, order, or judgment of the appellate court requires further proceedings in the District Court other than a new trial, an order shall be entered making the order or judgment of the appellate court the order or judgment of the District Court.

[Federal Rules of Civil Procedure](#) › [TITLE VII. JUDGMENT](#) › Rule 56. Summary Judgment

# Rule 56. Summary Judgment

(a) M????? ??? S?????? J??????? ?? P??????  S?????? J???????. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) T??? ?? F??? ? M?????. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) P?????????.

   (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

      (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

      (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

   (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

   (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

   (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) W??? F???? A?? U?????????? ?? ??? N????????. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   (1) defer considering the motion or deny it;

12/5/22, 2:34 PM                                    Rule 56. Summary Judgment | Federal Rules of Civil Procedure | US Law | LII / Legal Information Institute

Case 1:18-cv-03572-LDH-LB   Document 99-2   Filed 01/26/23   Page 6 of 14 PageID #: 1119

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party;or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

### NOTES OF ADVISORY COMMITTEE ON RULES—1937

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there, the records of New York county alone show 5,600 applications for summary judgments. *Report of the Commission on the Administration of Justice in New York State* (1934), p. 383. See also *Third Annual Report of the Judicial Council of the State of New York* (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few

designated torts and breach of promise of marriage. *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 3, r. 6; Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing an application for judgment at any time upon admissions. In Michigan (3 Comp.Laws (1929) §14260) and Illinois (Ill.Rev.Stat. (1937) ch. 110, §§181, 259.15, 259.16), it is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommend that all restrictions be removed and that the remedy be available "in any action" (p. 287). For the history and nature of the summary judgment procedure and citations of state statutes, see Clark and Samenow, *The Summary Judgment* (1929), 38 Yale L.J. 423.

*Note to Subdivision (d)*. See Rule 16 (Pre-Trial Procedure; Formulating Issues) and the *Note* thereto.

*Note to Subdivisions (e) and (f)*. These are similar to rules in Michigan. Mich.Court Rules Ann. (Searl, 1933) Rule 30.

#### NOTES OF ADVISORY COMMITTEE ON RULES—1946 AMENDMENT

*Subdivision (a)*. The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. Thus in *Peoples Bank v. Federal Reserve Bank of San Francisco* (N.D.Cal. 1944) 58 F.Supp. 25, the plaintiff's counter-motion for a summary judgment was stricken as premature, because the defendant had not filed an answer. Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to a summary judgment. An extension of time by the court or the service of preliminary motions of any kind will prolong that period even further. In many cases this merely represents unnecessary delay. See *United States v. Adler's Creamery, Inc*. (C.C.A.2d, 1939) 107 F.(2d) 987. The changes are in the interest of more expeditious litigation. The 20-day period, as provided, gives the defendant an opportunity to secure counsel and determine a course of action. But in a case where the defendant himself serves a motion for summary judgment within that time, there is no reason to restrict the plaintiff and the amended rule so provides.

*Subdivision (c)*. The amendment of Rule 56(c), by the addition of the final sentence, resolves a doubt expressed in *Sartor v. Arkansas Natural Gas Corp*. (1944) 321 U.S. 620. See also Commentary, *Summary Judgment as to Damages* (1944) 7 Fed.Rules Serv. 974; *Madeirense Do Brasil S/A v. Stulman-Emrick Lumber Co*. (C.C.A.2d, 1945) 147 F.(2d) 399, cert. den. (1945) 325 U.S. 861. It makes clear that although the question of recovery depends on the amount of damages, the summary judgment rule is applicable and summary judgment may be granted in a proper case. If the case is not fully adjudicated it may be dealt with as provided in subdivision (d) of Rule 56, and the right to summary recovery determined by a preliminary order, interlocutory in character, and the precise amount of recovery left for trial.

*Subdivision (d)*. Rule 54(a) defines "judgment" as including a decree and "any order from which an appeal lies." Subdivision (d) of Rule 56 indicates clearly, however, that a partial summary "judgment" is not a final judgment, and, therefore, that it is not appealable, unless in the particular case some statute allows an appeal from the interlocutory order involved. The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact. See *Leonard v. Socony-Vacuum Oil Co*. (C.C.A.7th, 1942) 130 F.(2d) 535; *Biggins v. Oltmer Iron Works* (C.C.A.7th, 1946) 154 F.(2d) 214; 3 *Moore's Federal Practice* (1938). 3190–3192. Since interlocutory appeals are not allowed, except where specifically provided by statute (see 3 *Moore, op. cit. supra*, 3155–3156) this interpretation is in line with that policy, *Leonard v. Socony-Vacuum Oil Co., supra*. See also *Audi Vision Inc., v. RCA Mfg. Co*. (C.C.A.2d, 1943) 136 F.(2d) 621; *Toomey v. Toomey* (App.D.C. 1945) 149 F.(2d) 19; *Biggins v. Oltmer Iron Works, supra; Catlin v. United States* (1945) 324 U.S. 229.

### NOTES OF ADVISORY COMMITTEE ON RULES—1963 AMENDMENT

*Subdivision (c)*. By the amendment "answers to interrogatories" are included among the materials which may be considered on motion for summary judgment. The phrase was inadvertently omitted from the rule, see 3 Barron & Holtzoff, *Federal Practice and Procedure* 159–60 (Wright ed. 1958), and the courts have generally reached by interpretation the result which will hereafter be required by the text of the amended rule. See Annot., 74 A.L.R.2d 984 (1960).

*Subdivision (e)*. The words "answers to interrogatories" are added in the third sentence of this subdivision to conform to the amendment of subdivision (c).

The last two sentences are added to overcome a line of cases, chiefly in the Third Circuit, which has impaired the utility of the summary judgment device. A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. In this situation Third Circuit cases have taken the view that summary judgment must be denied, at least if the averments are "well-pleaded," and not suppositious, conclusory, or ultimate. See *Frederick Hart & Co., Inc. v. Recordgraph Corp*., 169 F.2d 580 (3d Cir. 1948); *United States ex rel. Kolton v. Halpern*, 260 F.2d 590 (3d Cir. 1958); *United States ex rel. Nobles v. Ivey Bros. Constr. Co., Inc*., 191 F.Supp. 383 (D.Del. 1961); *Jamison v. Pennsylvania Salt Mfg. Co*., 22 F.R.D. 238 (W.D.Pa. 1958); *Bunny Bear, Inc. v. Dennis Mitchell Industries*, 139 F.Supp. 542 (E.D.Pa. 1956); *Levy v. Equitable Life Assur. Society*, 18 F.R.D. 164 (E.D.Pa. 1955).

The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The Third Circuit doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. See 6 *Moore's Federal Practice* 2069 (2d ed. 1953); 3 Barron & Holtzoff, supra, §1235.1.

It is hoped that the amendment will contribute to the more effective utilization of the salutary device of summary judgment.

The amendment is not intended to derogate from the solemnity of the pleadings. Rather it recognizes that, despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary.

Nor is the amendment designed to affect the ordinary standards applicable to the summary judgment motion. So, for example: Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition.

### NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

The amendments are technical. No substantive change is intended.

### COMMITTEE NOTES ON RULES—2007 AMENDMENT

The language of Rule 56 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Former Rule 56(a) and (b) referred to summary-judgment motions on or against a claim, counterclaim, or crossclaim, or to obtain a declaratory judgment. The list was incomplete. Rule 56 applies to third-party claimants, intervenors, claimants in interpleader, and others. Amended Rule 56(a) and (b) carry forward the present meaning by referring to a party claiming relief and a party against whom relief is sought.

Former Rule 56(c), (d), and (e) stated circumstances in which summary judgment "shall be rendered," the court "shall if practicable" ascertain facts existing without substantial controversy, and "if appropriate, shall" enter summary judgment. In each place "shall" is changed to "should." It is established that although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact. *Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256 –257 (1948). Many lower court decisions are gathered in 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d, §2728. "Should" in amended Rule 56(c) recognizes that courts will seldom exercise the discretion to deny summary judgment when there is no genuine issue as to any material fact. Similarly sparing exercise of this discretion is appropriate under Rule 56(e)(2). Rule 56(d)(1), on the other hand, reflects the more open-ended discretion to decide whether it is practicable to determine what material facts are not genuinely at issue.

Former Rule 56(d) used a variety of different phrases to express the Rule 56(c) standard for summary judgment—that there is no genuine issue as to any material fact. Amended Rule 56(d) adopts terms directly parallel to Rule 56(c).

### COMMITTEE NOTES ON RULES—2009 AMENDMENT

The timing provisions for summary judgment are outmoded. They are consolidated and substantially revised in new subdivision (c)(1). The new rule allows a party to move for summary judgment at any time, even as early as the commencement of the action. If the

motion seems premature both subdivision (c)(1) and Rule 6(b) allow the court to extend the time to respond. The rule does set a presumptive deadline at 30 days after the close of all discovery.

The presumptive timing rules are default provisions that may be altered by an order in the case or by local rule. Scheduling orders are likely to supersede the rule provisions in most cases, deferring summary-judgment motions until a stated time or establishing different deadlines. Scheduling orders tailored to the needs of the specific case, perhaps adjusted as it progresses, are likely to work better than default rules. A scheduling order may be adjusted to adopt the parties' agreement on timing, or may require that discovery and motions occur in stages—including separation of expert-witness discovery from other discovery.

Local rules may prove useful when local docket conditions or practices are incompatible with the general Rule 56 timing provisions.

If a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due.

### COMMITTEE NOTES ON RULES—2010 AMENDMENT

Rule 56 is revised to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

*Subdivision (a).* Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine "issue" becomes genuine "dispute." "Dispute" better reflects the focus of a summary-judgment determination. As explained below, "shall" also is restored to the place it held from 1938 to 2007.

The first sentence is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense. The subdivision caption adopts the common phrase "partial summary judgment" to describe disposition of less than the whole action, whether or not the order grants all the relief requested by the motion.

"Shall" is restored to express the direction to grant summary judgment. The word "shall" in Rule 56 acquired significance over many decades of use. Rule 56 was amended in 2007 to replace "shall" with "should" as part of the Style Project, acting under a convention that prohibited any use of "shall." Comments on proposals to amend Rule 56, as published in 2008, have shown that neither of the choices available under the Style Project conventions — "must" or "should" — is suitable in light of the case law on whether a district court has discretion to deny summary judgment when there appears to be no genuine dispute as to any material fact. Compare *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case in which there is reason to believe that the better course would be to proceed to a full trial. *Kennedy v. Silas Mason Co.*, 334 U.S. 249 * * * (1948))," with *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and

upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Eliminating "shall" created an unacceptable risk of changing the summary-judgment standard. Restoring "shall" avoids the unintended consequences of any other word.

Subdivision (a) also adds a new direction that the court should state on the record the reasons for granting or denying the motion. Most courts recognize this practice. Among other advantages, a statement of reasons can facilitate an appeal or subsequent trial-court proceedings. It is particularly important to state the reasons for granting summary judgment. The form and detail of the statement of reasons are left to the court's discretion.

The statement on denying summary judgment need not address every available reason. But identification of central issues may help the parties to focus further proceedings.

*Subdivision (b).* The timing provisions in former subdivisions (a) and (c) are superseded. Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case.

*Subdivision (c).* Subdivision (c) is new. It establishes a common procedure for several aspects of summary-judgment motions synthesized from similar elements developed in the cases or found in many local rules.

Subdivision (c)(1) addresses the ways to support an assertion that a fact can or cannot be genuinely disputed. It does not address the form for providing the required support. Different courts and judges have adopted different forms including, for example, directions that the support be included in the motion, made part of a separate statement of facts, interpolated in the body of a brief or memorandum, or provided in a separate statement of facts included in a brief or memorandum.

Subdivision (c)(1)(A) describes the familiar record materials commonly relied upon and requires that the movant cite the particular parts of the materials that support its fact positions. Materials that are not yet in the record — including materials referred to in an affidavit or declaration — must be placed in the record. Once materials are in the record, the court may, by order in the case, direct that the materials be gathered in an appendix, a party may voluntarily submit an appendix, or the parties may submit a joint appendix. The appendix procedure also may be established by local rule. Pointing to a specific location in an appendix satisfies the citation requirement. So too it may be convenient to direct that a party assist the court in locating materials buried in a voluminous record.

Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. One party, without citing any other materials, may respond or reply that materials cited to dispute or support a fact do not establish the absence or presence of a genuine dispute. And a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.

Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible

form that is anticipated. There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

Subdivision (c)(3) reflects judicial opinions and local rules provisions stating that the court may decide a motion for summary judgment without undertaking an independent search of the record. Nonetheless, the rule also recognizes that a court may consider record materials not called to its attention by the parties.

Subdivision (c)(4) carries forward some of the provisions of former subdivision (e)(1). Other provisions are relocated or omitted. The requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record.

A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit.

*Subdivision (d).* Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).

A party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary-judgment motion.

*Subdivision (e).* Subdivision (e) addresses questions that arise when a party fails to support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c). As explained below, summary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements. Nor should it be denied by default even if the movant completely fails to reply to a nonmovant's response. Before deciding on other possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact. In many circumstances this opportunity will be the court's preferred first step.

Subdivision (e)(2) authorizes the court to consider a fact as undisputed for purposes of the motion when response or reply requirements are not satisfied. This approach reflects the "deemed admitted" provisions in many local rules. The fact is considered undisputed only for purposes of the motion; if summary judgment is denied, a party who failed to make a proper Rule 56 response or reply remains free to contest the fact in further proceedings. And the court may choose not to consider the fact as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute.

Subdivision (e)(3) recognizes that the court may grant summary judgment only if the motion and supporting materials — including the facts considered undisputed under subdivision (e)(2) — show that the movant is entitled to it. Considering some facts undisputed does not of itself allow summary judgment. If there is a proper response or reply as to some facts, the court cannot grant summary judgment without determining whether those facts can be genuinely disputed. Once the court has determined the set of facts — both those it has chosen to consider undisputed for want of a proper response or reply and any that cannot be genuinely disputed despite a procedurally proper response or reply — it must determine the legal consequences of these facts and permissible inferences from them.

12/5/22, 2:54 PM                    Rule 56. Summary Judgment | Federal Rules of Civil Procedure | US Law | LII / Legal Information Institute

Case 1:18-cv-03572-LDH-LB   Document 99-2   Filed 01/26/23   Page 13 of 14 PageID #: 1126

Subdivision (e)(4) recognizes that still other orders may be appropriate. The choice among possible orders should be designed to encourage proper presentation of the record. Many courts take extra care with pro se litigants, advising them of the need to respond and the risk of losing by summary judgment if an adequate response is not filed. And the court may seek to reassure itself by some examination of the record before granting summary judgment against a pro se litigant.

*Subdivision (f).* Subdivision (f) brings into Rule 56 text a number of related procedures that have grown up in practice. After giving notice and a reasonable time to respond the court may grant summary judgment for the nonmoving party; grant a motion on legal or factual grounds not raised by the parties; or consider summary judgment on its own. In many cases it may prove useful first to invite a motion; the invited motion will automatically trigger the regular procedure of subdivision (c).

*Subdivision (g).* Subdivision (g) applies when the court does not grant all the relief requested by a motion for summary judgment. It becomes relevant only after the court has applied the summary-judgment standard carried forward in subdivision (a) to each claim, defense, or part of a claim or defense, identified by the motion. Once that duty is discharged, the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute. The court must take care that this determination does not interfere with a party's ability to accept a fact for purposes of the motion only. A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes.

If it is readily apparent that the court cannot grant all the relief requested by the motion, it may properly decide that the cost of determining whether some potential fact disputes may be eliminated by summary disposition is greater than the cost of resolving those disputes by other means, including trial. Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.

*Subdivision (h).* Subdivision (h) carries forward former subdivision (g) with three changes. Sanctions are made discretionary, not mandatory, reflecting the experience that courts seldom invoke the independent Rule 56 authority to impose sanctions. *See* Cecil & Cort, Federal Judicial Center Memorandum on Federal Rule of Civil Procedure 56 (g) Motions for Sanctions (April 2, 2007). In addition, the rule text is expanded to recognize the need to provide notice and a reasonable time to respond. Finally, authority to impose other appropriate sanctions also is recognized.

*Changes Made After Publication and Comment*

**Subdivision (a):** "[S]hould grant" was changed to "shall grant."

"[T]he movant shows that" was added.

Language about identifying the claim or defense was moved up from subdivision (c)(1) as published.

**Subdivision (b):** The specifications of times to respond and to reply were deleted.

Case 1:18-cv-03572-LDH-LB Document 99-2 Filed 01/26/23 Page 14 of 14 PageID #: 1127

Words referring to an order "in the case" were deleted.

**Subdivision (c):** The detailed "point-counterpoint" provisions published as subdivision (c)(1) and (2) were deleted.

The requirement that the court give notice before granting summary judgment on the basis of record materials not cited by the parties was deleted.

The provision that a party may accept or dispute a fact for purposes of the motion only was deleted.

**Subdivision (e):** The language was revised to reflect elimination of the point-counterpoint procedure from subdivision (c). The new language reaches failure to properly support an assertion of fact in a motion.

**Subdivision (f):** The provision requiring notice before denying summary judgment on grounds not raised by a party was deleted.

**Subdivision (h):** Recognition of the authority to impose other appropriate sanctions was added.

**Other changes:** Many style changes were made to express more clearly the intended meaning of the published proposal.

- Taxonomy upgrade extras
    - civil procedure

‹ Rule 55. Default; Default Judgment   up   Rule 57. Declaratory Judgment ›

Accessibility
About LII
Contact us
Advertise here
Help
Terms of use
Privacy

https://www.law.cornell.edu/rules/frcp/rule_56 10/10