# ASSERSON HILLER PC

August 30, 2022

**FILED ELECTRONICALLY VIA CM/ECF**

Honorable LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Rosenshine v A. Meshi Cosmetics Industries, Ltd. ("Meshi"), et al.* No. 18-cv-3572

Dear Judge DeArcy Hall:

We represent Meshi, a defendant in the above-captioned matter that was commenced more than four years ago. In accordance with this Court's Individual Practices III(A)(1)(a) and III(A)(3), we write to request a pre-motion conference in advance of Meshi's intended motion pursuant to F.R.C.P. 56. Per Judge Bloom's June 9, 2022 Order (ECF No. 89), all discovery in this matter closed on August 1, 2022. For all the below reasons, the Plaintiffs are unable to prove any of their surviving claims[1], and the matter is ripe for complete dismissal.

1. **First claim (federal trademark counterfeiting in violation of 15 U.S.C. § 1114)**

Case law unequivocally establishes that relief under Section 32 of the Lanham Act is only available to those who have registered their marks at the time of the infringement. *Krasnyi Oktyabr, Inc. v. Trilini Imports*, 578 F.Supp.2d 455, 471 (E.D.N.Y 2008) ("only the federal 'registrant' or legal assignee has standing to sue under Section 32(1) of the Lanham Act") (internal citations omitted). Meshi's only sale of 3,600 units of Star Gel to A to Z took place in November 2016, before the Plaintiffs attempted to register the Star Gel mark in May 2017. ¶¶ 34-39.[2] At the time of Meshi's sale, the mark was unregistered. In declining to dispose of this claim on Meshi's motion to dismiss, this Court agreed with Meshi's conclusion but indicated that the claim may survive if the Plaintiffs could demonstrate that Meshi infringed on the Plaintiffs' rights following its registration. With discovery now closed, the evidence conclusively demonstrates that Meshi neither sold nor attempted to market or sell any Star Gel to anyone in the U.S. after November 2016. *Id.* ¶¶ 37-38, 41, and the claim cannot survive.

2. **Second claim (federal trademark infringement in violation of 15 U.S.C. § 1114, 1125(a) and New York State common law)**

While 15 U.S.C. § 1125(a) does offer protection to unregistered trademarks, the Plaintiffs cannot satisfy the requirements of a claim under this section, which requires the "plaintiff… to demonstrate is that it has a valid mark entitled to protection and that defendant's use of it is likely to cause confusion." *Gruner + Jahr USA Pub v. Meredith Corp.,* 991 F.2d 1072, 1075 (2d Cir. 1993). By November 2016, the Plaintiffs and their predecessors in interest have taken no action to source, market, attempt to sell or sell any Star Gel for more than a year. ¶¶ 22, 24-26, 32. By

---

[1] This Court dismissed the Plaintiffs' third (trade dress infringement only), seventh, eighth and eleventh claims for relief on March 30, 2020 (ECF No. 51).

[2] All references are to paragraphs in the attendant August 30, 2022 Local Civil Rule 56.1 Statement.

**TEL AVIV**
1 Azrieli Centre
Round Tower, Floor 32
132 Menachem Begin Street
Tel Aviv 6701101
T +972 3 744 9191
F +972 3 744 6556

**NEW YORK**
11 Broadway
Suite 615
New York, NY 10004
T +1 (212) 939 7585
F +1 (212) 939 6406

www.assersonhiller.com

Trevor Asserson is only admitted to practice in England and Wales, and in Israel

ASSERSON HILLER P.C.

Judge LaShann DeArcy Hall
August 30, 2022
Page 2

their own admission, there was no Star Gel after 2015, and the mark fell into disuse. *Id.* at ¶¶ 20, 25. They abandoned the mark and demonstrated no intent to utilize the mark in November 2016. *Id.; see also ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 146–51 (2d Cir.2007) (discussing the law of mark abandonment and noting that only use of a mark entitles it to protection). Nor have the Plaintiffs provided any evidence whatsoever of potential or actual customer confusion in 2016 or thereafter. ¶¶ 51-54. No such confusion can be possible when the Plaintiffs /their predecessors in interest have taken no steps to sell any Star Gel since October 2015.³ *Id.* at ¶¶ 20, 22, 24-26, 32.

With regard to New York common law, it is "well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims." *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.,* 378 F.Supp.2d 448, 456 (S.D.N.Y. 2005) (internal citation omitted). The Plaintiffs' New York common law claim is, therefore, doomed for the same reasons as set forth above.

### 3. Third claim (false designation of origin in violation of 15 U.S.C. § 1125(a))

To prevail on a claim for the false designation of origin under the Lanham Act, the plaintiff must demonstrate, among other things, that the false designation of origin was likely to cause consumer confusion and that the plaintiff was harmed by the defendant's false designation of origin. *Lipton v. Nature Co.*, 71 F.3d 464, 473 (2d Cir. 1995). The Plaintiffs have not provided any evidence to demonstrate the likelihood of consumer confusion resulting from Meshi's sale of 3,600 units of Star Gel to A to Z. ¶¶ 51-54. They have similarly failed to demonstrate any resulting harm. *Id.* Indeed, no such harm is possible in circumstances where the Plaintiffs have had no Star Gel to sell since October 2015 and have taken no steps to source, market, attempt to sell or sell any more Star Gel since then. *Id.* at ¶¶ 20, 22, 24-26, 32.

### 4. Fourth claim (federal trademark dilution in violation of 15 U.S.C. § 1125(c) and N.Y. Gen. Bus. Law § 360-l)

The key inquiry in evaluating a dilution claim under 15 U.S.C. § 1125(c) is "whether an association, arising from the similarity between the subject marks, impairs the distinctiveness of the famous mark." *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F.Supp.3d 425, 434 (S.D.N.Y. 2016). 15 U.S.C. § 1125(c) makes clear that that this section applies only to famous marks and specifies that "a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Because of the high levels of recognition demanded, very few trademarks qualify as famous. *Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*, 14 CIV. 7170 CM, 2014 WL 5585339, *7 (S.D.N.Y. Oct. 30, 2014). The Plaintiffs have not proved – nor can they – that the Star Gel mark meets this requirement. ¶¶ 16, 18, 52-56.

A successful dilution claim under N.Y. Gen. Bus. Law § 360-l only grants injunctive relief. *Patsy's Italian Rest., Inc. v. Banas*, 575 F.Supp.2d 427, 456 (E.D.N.Y. 2008). As Meshi has

---

³The Plaintiffs' second claim pursuant to 15 U.S.C. § 1114 cannot survive as discussed in point 1, above.

ASSERSON HILLER P.C.

Judge LaShann DeArcy Hall
August 30, 2022
Page 3

taken no steps to market or sell Star Gel to anyone since 2016, there is nothing to enjoin, and this claim is entirely moot. ¶¶ 37-38, 41.

### 5. Fifth claim (federal unfair competition and false advertising under 15 U.S.C. § 1125 (a) and New York common law)

As this Court stated in its March 30, 2020 decision (ECF No. 51, p. 16), to establish statutory standing under section 43, a plaintiff must satisfy the two-part, zone of interest and proximate cause test established in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 130-132. First, the plaintiff must demonstrate that he was within the zone of interest by alleging an injury to a commercial interest in reputation or sales. *Id.* at 131-132. Second, the plaintiff must allege an "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising." *Id.* at 133. As previously discussed, this claim must be dismissed because the Plaintiffs demonstrated no injury. ¶¶ 51-56.

### 6. Sixth claim (contributory trademark infringement)

Meshi can only be liable for contributory trademark infringement if the Plaintiffs can show that Meshi "intentionally induce[d] another to infringe a trademark, or if it continue[d] to supply its product to one whom it knows or has reason to know is engaging in trademark infringement." *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 104 (2d Cir. 2010). The Plaintiffs failed to establish either ground. Meshi never induced A to Z to sell any Star Gel – indeed, it was Mr. Noach of A to Z that contacted Meshi. ¶¶ 27-30, 35. The record also belies any argument that Meshi continued to supply any Star Gel to anyone in the U.S. after the one-time sale in 2016. *Id.* at ¶¶ 37-38, 41.

### 7. Ninth claim (tortious conspiracy)

It is well-established that New York does not recognize an independent tort of conspiracy. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). To succeed on a claim of civil conspiracy, therefore, the plaintiff must first demonstrate the existence of the primary tort and then prove the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in furtherance of a plan or purpose; and (4) resulting damage or injury. *World Wrestling Fed'n Entm't, Inc. v. Bozell*, 142 F.Supp.2d 514, 532 (S.D.N.Y. 2001). As demonstrated above, the Plaintiffs have not and cannot make out a claim for any primary tort. Their claim for conspiracy must fail on this basis alone. *Kirch,* 449 F.3d at 401. The Plaintiffs' failure to demonstrate any harm suffered as a result of Meshi's one-time sale in November 2016 further invalidates this claim. ¶¶ 51-56.

### 8. Tenth claim (breach of contract)

To make out a breach of contract claim under New York law, a plaintiff must establish (1) the existence of a contract; (2) due performance by plaintiff; (3) breach of the contract by defendant; and (4) damage as a result of the breach. *Campo v. 1st Nationwide Bank*, 857 F. Supp. 264, 270 (E.D.N.Y. 1994). The Plaintiffs cannot establish elements 2 and 4. The Plaintiffs and/or their predecessors in interest breached their own contractual obligations by failing to pay Meshi the outstanding $1,967.64 due for Star Gel purchased in 2012. ¶ 23. The Plaintiffs also failed to demonstrate any damages suffered as a result of Meshi's one-time sale in 2016.

ASSERSON HILLER P.C.

Judge LaShann DeArcy Hall
August 30, 2022
Page 4

\* \* \*

      For all the reasons set forth above, we maintain that the above-captioned matter is ripe for dismissal on summary judgment and thank this Court for the anticipated opportunity to explain Meshi's position more fully during a pre-motion conference.

      Respectfully submitted,

      ASSERSON HILLER P.C.

      By: /s/ *Allison Khaskelis*
          Allison Khaskelis

cc:    Plaintiffs (via ECF and email)