# EXHIBIT 5

# Exhibit 1

| | |
|---|---|
| **From:** | Allison Khaskelis |
| **To:** | "Amir Rosenshine" |
| **Cc:** | Oren Rosenshine; Yisrael Hiller |
| **Subject:** | RE: Rosenshine v A. Meshi Cosmetics Industries, Ltd., et al. No. 18-cv-3572 |
| **Date:** | Thursday, 24 March 2022 16:14:00 |
| **Attachments:** | 220324 First Request for Document Production to Plaintiffs.pdf |

Amir, Oren,

It is unfortunate that you have now reneged on the commitment you expressly made on March 8, 2022 to produce certain documents. We consider that a sign of bad faith. As such, please find attached our client's first request for the production of documents in accordance with the Federal Rules.

With regard to your below requests, we understand from your below email that you have no intention to serve appropriate requests, as required by the Federal Rules. Consequently, we will respond to your below requests in full compliance with the deadlines set out by the Federal Rules.

Thanks,
Allison

**Allison Khaskelis**
Attorney (Admitted in New York, New Jersey and Pennsylvania)



Mobile | +972 (0)58 570 6592
Tel Aviv | +972 (0)3 744 9191 ext.118
London | +44 (0)203 150 1300
*"A fabulous example of Legal driving the business, not holding it back!"* Asserson Client
**www.asserson.co.uk** | Facebook | LinkedIn

Asserson Law Offices is regulated by
The Solicitors Regulation Authority (Number 549779)

**OUR LONDON OFFICE HAS MOVED to:**
**Central Court, 25 Southampton Buildings, Holborn, London, WC2A**
**WE HAVE MOVED OUR POSTAL AND ADMINISTRATION ADDRESS to:**
**Churchill House, 137 – 155 Brent Street, London, NW4 4DJ**

**From:** Amir Rosenshine <amir.rosenshine@gmail.com>
**Sent:** Wednesday, 23 March 2022 14:55
**To:** Allison Khaskelis <Allison.Khaskelis@asserson.co.uk>
**Cc:** Oren Rosenshine <oren.rosenshine@gmail.com>; Yisrael Hiller <Yisrael.Hiller@asserson.co.uk>
**Subject:** Re: Rosenshine v A. Meshi Cosmetics Industries, Ltd., et al. No. 18-cv-3572

To clarify, our request has not changed since we made it. With respect to the documents that the mediator proposed for both sides to exchange during the mediation session, we believe it would make more sense to proceed with discovery instead.

Please advise whether you intend to comply with the request, otherwise let us know when you would be available for a meet and confer ahead of our motion to compel discovery.

On Wed, Mar 23, 2022 at 8:19 AM Allison Khaskelis <Allison.Khaskelis@asserson.co.uk> wrote:

> Oren and Amir,
>
> You have served no discovery requests in a proper format on my client as is required by FRCP. To the extent that the below email serves as your requests, they are invalid as they were served prior to the decision on your motion for leave to amend your Amended Complaint.  As such, it is unclear what you will be trying to compel.   In any event, as you no doubt know, the local rules require a meet and confer in advance of any such motion.
>
> Furthermore, confirm whether you will be providing the documents you committed to provide by April 8.
>
> Regards,
> Allison
>
> **Allison Khaskelis**
> Attorney (Admitted in New York, New Jersey and Pennsylvania)
>
> 
>
> Mobile | +972 (0)58 570 6592
> Tel Aviv | +972 (0)3 744 9191 ext.118
> London | +44 (0)203 150 1300
> *"A fabulous example of Legal driving the business, not holding it back!"* Asserson Client
> www.asserson.co.uk | Facebook | LinkedIn
>
> Asserson Law Offices is regulated by
> The Solicitors Regulation Authority (Number 549779)
>
> **OUR LONDON OFFICE HAS MOVED to:**
> **Central Court, 25 Southampton Buildings, Holborn, London, WC2A**
> **WE HAVE MOVED OUR POSTAL AND ADMINISTRATION ADDRESS to:**
> **Churchill House, 137 – 155 Brent Street, London, NW4 4DJ**
>
> **From:** Oren Rosenshine <oren.rosenshine@gmail.com>
> **Sent:** Wednesday, 23 March 2022 14:11
> **To:** Amir Rosenshine <amir.rosenshine@gmail.com>
> **Cc:** Allison Khaskelis <Allison.Khaskelis@asserson.co.uk>; Yisrael Hiller <Yisrael.Hiller@asserson.co.uk>
> **Subject:** Re: Rosenshine v A. Meshi Cosmetics Industries, Ltd., et al. No. 18-cv-3572
>
> Allison,

We have not received the below-requested information for the discovery. If we do not receive the requested information by the end of this week, we will file a motion to compel discovery with the court.


On Mon, Dec 14, 2020 at 3:42 AM Amir Rosenshine <amir.rosenshine@gmail.com> wrote:

Dear Ms. Khaskelis,

Attached are our disclosures.

Please send us all documents and records relating to any and all sales of counterfeit Star Gel® ever made by your client, including but not limited to, invoices, agreements, recordings, written correspondence such as emails, etc. We are requesting all materials in your client's possession relating to all sales of Star Gel® ever made by your client to any other party besides us or our predecessors (namely, GMIE and IG).

Please also provide the ownership structure of A. Meshi, including all shareholders and their stakes in the company, directors, and executive managers. In addition, please explain the roles of Mr. Yermi Mizrahi, Mr. Shem Tov Mizrahi, and Ms. Nava Mizrahi in the company, including positions, titles, and responsibilities. Finally, please identify all individuals at A. Meshi, all individuals outside A. Meshi, and all organizations who have been involved in the production and sales of Star Gel® to any other party besides us or our predecessors, and explain their roles in the Star Gel® counterfeiting supply chain.

Sincerely,

Oren Rosenshine, Amir Rosenshine

ASSERSON HILLER P.C.
Yisrael Hiller
Allison Khaskelis
11 Broadway
New York, NY 10004
Telephone: +1 (212) 939-7585
Facsimile: +1 (212) 939-6406

*Counsel to A. Meshi Cosmetics Industries Ltd.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

OREN ROSENSHINE

AMIR ROSENSHINE,

                Plaintiffs

      -vs-

A. MESHI COSMETICS INDUSTRIES LTD.,

A TO Z IMPORTS INC.,

EYAL NOACH,

           Defendants.

Case No. 18-cv-3572

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY DEFENDANT**
**A. MESHI COSMETICS INDUSTRIES LTD. DIRECTED TO PLAINTIFFS**
**OREN AND AMIR ROSENSHINE PURSUANT TO**
**RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant A. Meshi Cosmetics Industries Ltd. ("Meshi"), by and through its below-captioned

attorneys, makes the following requests for production of documents to Oren and Amir Rosenshine

("Plaintiffs") in accordance with Rule 34 of the Federal Rules of Civil Procedure. All objections,

responses, and responsive documents, communications, or electronically stored information shall

be served and produced on or before April 25, 2022, or such other date to which Meshi agrees or

as ordered by the Court, at the offices of Asserson Hiller, 11 Broadway, Suite 615, New York, NY

1

10004 (Attn. Allison Khaskelis) or via electronic delivery. Meshi reserves the right to serve supplemental and additional discovery requests.

## DEFINITIONS

1.      The term **"all"** shall mean "all," "every," and "each" as necessary to make the request inclusive rather than exclusive.

2.      The term **"any and all"** means every document, whenever created, within Your possession, custody, or control or the possession, custody, or control of Your predecessors in interest (as defined below).

3.      The term **"affiliate"** means a person or corporate entity that is related to another person or corporate entity, directly or indirectly, by shareholdings, interests, or other means of control, including but not limited to subsidiaries, parents, or sibling corporate entities.

4.      The terms **"associate," "associated,"** or **"association"** mean a person or corporate entity that has an existing or past relationship with another person or corporate entity, including but not limited to direct and indirect relationships as owners, employees, officers, agents, colleagues, partners, members, directors, family, corporate family, principals, stakeholders, representatives, shareholders, advisors, beneficiaries, lienholders, creditors, debtors, customers, and suppliers.

5.      The term "**Complaint**" means the Amended Complaint dated March 6, 2019 that is operative in the above-captioned matter.

6.      The term **"concerning"** means relating to, referring to, describing, evidencing, or constituting.

7.      The term **"Defendant"** means defending or denying; the party against whom

relief or recovery is sought in a civil action or suit; the party who is accused in a criminal suit.

8. The term **"document(s)"** is used in its broadest sense and includes, without limitation, any and all writings in any form, notes, memoranda, manuals, reports, agreements, contracts, communications (including information transmitted in the form of facts, ideas, inquiries, or otherwise), contracts, deeds, memoranda of understanding, invoices, receipts, records, correspondence, drawings, graphs, charts (including personnel charts, structure charts, or organograms), corporate registries, corporate records, photographs, telephone records, payment records, bank statements, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), tape recordings, electronic mail messages, other electronic messages (including but not limited to WhatsApp, iMessenger, text messages, Signal, and Telegram) and electronic data (including any exchange of information between computers, tablets or telephones and all information stored in an electronic form or computer database). A draft or non-identical copy is a separate document within the meaning of this term.

9. The terms **"identify"** and **"identity"** each mean

    a. When used with reference to a natural person, to state specifically for each person his or her full name, address, and telephone number.

    b. When used with reference to an entity, such as a partnership (either general or limited), joint venture, trust, corporation, or other business entity, to state for each entity the full legal name of the entity, each name under which the entity does business, and the entity's telephone number.

    c. When used with reference to documents:

        i. to state and describe specifically for each document, the title

3

or heading, form (e.g., letter, interoffice memorandum, etc.), date,

preparer or drafter, signer, and addressee, title or the heading, and approximate number of pages of the document;

ii.  and identify each custodian and person in possession of the document, and the present or last known location of the document.

10.  The term **"interest,"** unless otherwise specified, means any past, present, prospective, or contingent interest (whether held directly or indirectly through subsidiaries, holding structures, and other entities and/or persons), including, without limitation, economic interests, financial interests, ownership interests, material interests, beneficial interests, licenses, and concessions. For the avoidance of doubt, a partially or jointly-held financial, beneficial, or material interest is an interest within the meaning of this term.

11.  The terms **"Plaintiff"** or "**Plaintiffs**" means the party or parties who initiate(s) a lawsuit by filing a complaint with the clerk of the court against the defendant(s) demanding damages, performance and/or court determination of rights.  Reference to the Plaintiff in this document shall mean Plaintiffs Oren and Amir Rosenshine collectively.

11.  The term **"predecessor in interest"** means any entity or individual that is replaced by the Plaintiffs as successors in interest with regard to the Star Gel trademark and includes any predecessors of the predecessor, including but not limited to Edna Rosenshine, Elazar Rosenshine, International Grooming, Inc., Global Manufacturing Import Export Inc. and any alternative name or spelling for these individuals and entities.

12.  The term "**third party**" means any individual or entity that is not a Plaintiff

or Defendant in the above-captioned litigation and includes, but is not limited to, any past, present or potential customer of the Plaintiffs and/or their predecessors in interest and any manufacturer, producer or distributor of the Star Gel product.

13. The term "**You**" or "**Yours**" means the Plaintiffs.

## **INSTRUCTIONS**

1. Any non-capitalized words, terms, and phrases not specifically defined in these document requests shall be given their normal and customary meaning in the context in which they are used in these requests.

2. Each request for production shall be responded to completely, separately, and fully.

3. Documents referred to herein are to include all portions or pages of each document referred to, and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, non-identical copies (that may contain handwritten notes, markings, stamps, interlineations, or electronic information), drafts, working papers, routing slips, and similar materials.

4. A document is deemed in Your actual or constructive possession, custody, or control if it is in Your physical custody or the physical custody of Your predecessors in interest, or if it is in the physical custody of any other person and You (a) own such document in whole or in part; (b) have a right, by control, contract, statute, order, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You sought to do so. For the avoidance of doubt, a document is deemed in Your actual or constructive

possession, custody, or control if it is accessible on a network or server that You or Your predecessors in interest maintain or to which You or Your predecessors in interest have access.

5.    The specifications of these document requests are to be construed as being inclusive rather than exclusive. Thus, words importing the singular include the plural; words importing the plural include the singular; words importing one gender includes both genders; the words "and" and "or" are to be construed conjunctively or disjunctively as necessary to make the document request inclusive; the word "all" means "any and all" and the word "any" means "any and all".

6.    In producing responsive documents, You should furnish all documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or by Your predecessors in interest, agents, employees, or representatives, including Your attorneys or their agents, employees, or representatives.

7.    You are to produce any and all drafts and copies of each document that is responsive to any specification of these document requests and all copies of each such document that are not identical in any respect, including but not limited to handwritten notes, markings, stamps, interlineations, and electronic information.

8.    With respect to Electronically Stored Information ("ESI"):

a.    All Microsoft Excel files, PowerPoint files, and/or audio and video files responsive to these document requests that are maintained in the usual course of business in electronic format are to be produced in their native format, along with the software necessary to interpret such files if such software is not readily available. Any native files that are produced shall also be produced with a one-page Bates-numbered TIFF image slip-sheet stating "Document has

been produced in native format."

b. All other documents responsive to these document requests that are maintained in the usual course of business in electronic format are to be produced in properly unitized, single-page TIFF Group IV format complete with full text extracts and all associated metadata. Documents produced in TIFF format shall be produced with Bates numbers stamped on each page. Bates numbers shall be of constant length, be sequential across a document and its attachments, be unique across the entire production, and contain no special characters except dashes. Documents produced in the Group IV TIFF format shall be produced such that comments, notes, speaker notes, track changes, hidden rows, hidden columns, and any other hidden or invisible text are displayed. For good cause, the requesting party may request that documents originally produced in TIFF format be re-produced in native format, which request shall not unreasonably be denied. The requesting party shall identify documents for re-production by Bates number and provide an explanation of the need for native files.

c. All documents responsive to these document requests are to be produced with the metadata contained in Appendix A. If such metadata is not available, each document is to be accompanied by a listing of all file properties relating to such document, including, but not limited to, all information relating to the date(s) the document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the document.

d. Under no circumstances should ESI be converted from the form in which it

is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with Meshi's counsel. If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden of cost You claim is associated with the search or production of such ESI.

9. All documents that are physically attached to each other when located for production are to be left so attached when produced. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, are to be left so segregated or separated when produced. Documents are to be produced in the order in which they were maintained and in the files in which they were found.

10. Where a claim of privilege is asserted in objecting to any document request, identify the nature of the privilege (including work product) that is being claimed and the privilege rule being invoked, and for each document withheld provide the following information:

  a. the type of document;

  b. the date of the document;

  c. the author(s), addressee(s), and recipient(s) of the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to one another;

  d. the number of pages;

  e. the identity of any enclosure(s) or attachment(s);

  f. the subject matter of the document

  g. the basis of the privilege claim; and

  h. the type of privilege(s) asserted.

11. The documents responsive to these requests are to be produced as they were kept in the ordinary course of business and are to be labeled in such a way as to show which files they came from.

12. If any document, or any part of a document, called for by these document requests has been destroyed, discarded, lost, or otherwise disposed of or placed beyond Your custody or control, You are to furnish a list identifying each such document by: (i) date, (ii) author; recipient(s); (iv) type of document (e.g., letter, memorandum, chart, e-mail, etc.); (v) general subject matter; (vi) the document's present or last-known location or custodian; (vii) the date of the document's destruction or other disposition; (viii) the reason for such destruction or other disposition; and (ix) the person authorizing such destruction or other disposition.

13. Each specification of these document requests requires production in full, without abbreviation, redaction, or expurgation of any responsive documents. If any responsive document is not or cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document is being withheld, and the reason(s) it is being withheld.

Any redactions applied to documents shall contain text indicating the basis for redaction (e.g., "Privileged").

14.     Documents not otherwise responsive to specifications of these document requests are to be produced if such documents mention, discuss, refer to, or explain the documents which are responsive to these document requests, or if such documents are attached to documents responsive to these document requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

15.     If, in responding to these document requests, You encounter any ambiguity in construing them or any definitions and instructions relevant to them, set forth the matter or term deemed "ambiguous" and the construction used in responding to the document requests.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     All documents, including but not limited to any internal communications, communications with third parties, invoices and receipts, that demonstrate all sales of Star Gel by You and/or Your predecessors in interest between January 1, 2012 and today's date and specify the dates, quantities and amounts of such sales.

2.     All documents that list the names and contact information of any third party to which You and/or Your predecessors in interest sold Star Gel between January 1, 2012 and today's date.

3.     All documents, including but not limited to any internal communications, communications with third parties and advertising materials, that demonstrate efforts by You and/or Your predecessors in interest to sell Star Gel to any third party between January 1, 2012 and today's date.

4.     All documents, including but not limited to any communications with third

parties, that demonstrate the unwillingness of any third party to purchase Star Gel from You and/or Your predecessors in interest between January 1, 2012 and today's date as a result of Meshi's conduct as outlined in the Complaint.

5. All accounting and bookkeeping records that demonstrate the revenue, profits and expenses that accrued to You and/or Your predecessors in interest from the purchases of Star Gel by You and/or Your predecessors in interest from any manufacturer, producer or distributor and the onward sales of Star Gel by You and/or Your predecessors in interest to any third party between November 1, 2004 and today's date.

6. All documents, including but not limited to any internal communications, communications with third parties, invoices, and receipts, that demonstrate the orders that You and/or Your predecessors in interest placed and/or contracts that You and/or predecessors in interest executed to purchase Star Gel product from any manufacturer, producer or distributor between January 1, 2012 and today's date.

7. All documents that list the name and contact information for any manufacturer, producer or distributor of Star Gel from which You and/or Your predecessors in interest purchased any Star Gel between January 1, 2012 and today's date.

8. All documents, including but not limited to internal communications and communications with third parties, that demonstrate the loss of goodwill and reputational damage that You and/or Your predecessors in interest allegedly suffered between January 1, 2012 and today's date as a result of Meshi's conduct, as referenced, for example, in paragraph 97 of the Complaint.

9. All documents demonstrating that the M.S.R.P of Star Gel has been $40 per unit between November 1, 2004 and today's date.

10.     All documents demonstrating that You and/or Your predecessors in interest were receiving $40 for each unit of Star Gel that You and/or Your predecessors in interest sold between November 1, 2004 and today's date.

11.     All documents, including but not limited to any communications with third parties, that demonstrate customer confusion or mistake with regard to Star Gel between January 1, 2012 and today's date, as referenced, for example, in paragraph 54 of the Complaint, that resulted from Meshi's conduct.

12.     All communications regarding Star Gel between You and/or Your predecessors in interest and A to Z Imports Inc. or Eyal Noach between November 1, 2004 and today's date.

13.     All internal communication, including any communication with Your predecessors in interest, with regard to any of the allegations in the Complaint between the date You or Your predecessors in interest discovered the alleged unlawful conduct by the Defendants and the commencement of the above-captioned legal proceedings.

14.     All communications between You and/or Your predecessors in interest and any third parties with regard to any of the allegations in the Complaint between the date You or Your predecessors in interest discovered the alleged unlawful conduct by the Defendants and today's date.

15.     All communications between You and/or Your predecessors in interest with any representative of Meshi between September 1, 2004 and today's date.

16.     All documents, including accounting records, receipts, and bank statements, that demonstrate that You and/or Your predecessors in interest paid all amounts owed to Meshi for the purchases of Star Gel from Meshi between November 1, 2004 and today's date.

17.     All documents that demonstrate that Meshi has continued to engage in any

12

conduct outlined in the Complaint between January 1, 2017 and today's date.

18.    All documents that demonstrate that You and/or Your predecessors in interest used the Star Gel trademark between January 1, 2013 and June 20, 2017.

19.    All documents that demonstrate the loss, harm or damages that You and/or Your predecessors in interest suffered as a result of Meshi's conduct between January 1, 2012 and today's date, including but not limited to the calculations of such loss, harm or damages and any supporting evidence used in arriving at any calculations of such loss, harm or damages.

20.    All documents that support any of the allegations made in the Complaint.

Dated: March 24, 2022
         New York, New York

                         ASSERSON HILLER P.C.


                          _/s/ Allison Khaskelis_____
                         Allison Khaskelis
                         Yisrael Hiller
                         11 Broadway
                         New York, NY 10004
                         Telephone: +1 (212) 939-7585
                         Facsimile: +1 (212) 939-6406

                         *Counsel to A. Meshi Cosmetics Industries Ltd.*

**APPENDIX A**

| Metadata Field | Description | Examples |
|---|---|---|
| **Production Metadata Fields for All Documents** | | |
| Beg Bates | Bates number for the first page of the document | [Bates Prefix]-00000001 |
| Endplates | Bates number for the last page of the document | [Bates Prefix]-00000010 |
| BegBatesAtt | Bates number for the first page of the parent document (i.e., an email or other document containing attachments) | [Bates Prefix]-00000001 |
| EndBatesAtt | Bates number of the last page of the last attachment to the parent document | [Bates Prefix]-00000015 |
| Custodians_All | Name of the custodian or custodians who possessed this item or exact duplicates thereof. | Jones, Barbara |
| RecordType | Type of item being produced | Email, Email Attachment, Electronic Document, Hardcopy Document |
| FilePath | Original location of the file when collected from the source custodian or system | C:\My Documents\Deal Documents |
| FileSize | Size of the native file document/email in KB | 3,547 |

| Prod_Native | File path to the native file on the production media if applicable (a.k.a. production file path) | Prefix001\NATIVES\0 00\ Prefix00000001.msg |
|---|---|---|
| Prod_Text | File path to the extracted text file on the production media | Prefix001\TEXT\00 0\ Prefix00000001.ms g |
| MD5Hash | The MD5 hash value for the item | |
| SHA1Hash | The SHA-1 hash value for the item | |
| Designation | The confidentiality designation of the document, if any | Confidential, Highly Confidential |
| Redaction | For documents containing redactions, the basis for such redactions | Privileged, Personal, Proprietary |
| **Additional Document Metadata Fields for Electronic Documents and Attachments** | | |
| FileName | Original name of the file when collected from the source custodian or system | exampledoc.doc, file.xls |
| FileExt | File type extension of native file | xls, doc, ppt, mp3 |
| FileType | File type or application used to create the underlying native file | Excel, Word, PowerPoint, MP3 |
| Title | Title of the document | Purchase Agreement |
| Author | Author of the document | Barbara Jones |
| TimeZone | The time zone in which electronic | GMT |

|  | documents were standardized during conversion. |  |
| --- | --- | --- |
| MasterDate | For emails and their attachments, the sent date of the parent email | MM/DD/YYYY |

| Metadata Field | Description | Example |
|---|---|---|
| MasterTime | For emails and their attachments, the sent time of the parent email, using a 24-hour clock | HH:MM:SS |
| DateCreated | Date the item was created | MM/DD/YYYY |
| TimeCreated | Time the item was created, using a 24-hour clock | HH:MM:SS |
| DateLastModified | Date the item was last modified | MM/DD/YYYY |
| TimeLastModified | Time the item was last modified, using a 24- hour clock | HH:MM:SS |
| **Additional Document Metadata Fields for Email and Other Electronic Communications** | | |
| DateSent | Date the email message was sent, using a 24- hour clock | MM/DD/YYYY |
| TimeSent | Time the email message was sent, using a 24- hour clock | HH:MM:SS |
| Date Received | Date the email message was received, using a 24-hour clock, in Greenwich Mean Time (GMT) | MM/DD/YYYY |
| TimeReceived | Time the email message was received, using a 24-hour clock | HH:MM:SS |
| To | Addressee(s) of the email message | Barbara Jones barbarajones@co.com |
| From | Name and email address of the person who sent the email message | Barbara Jones barbarajones@co.com |

| | | the email message | barbarajones@co.com |
| BCC | Recipient(s) included in the "bcc" line of the email message | Barbara Jones barbarajones@co.com |
| Subject | Subject line of the email message | FW: your message |
| EmailPath | The original location of email | Personal Folders\Sent Items\ |
| Conversation Index | A field indicating whether an email message is part of a conversation thread with other email messages. | |