# EXHIBIT 11

ASSERSON HILLER P.C.
Yisrael Hiller
Allison Khaskelis
11 Broadway
New York, NY 10004
Telephone: +1 (212) 939-7585
Facsimile: +1 (212) 939-6406

*Counsel to A. Meshi Cosmetics Industries Ltd.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OREN ROSENSHINE<br><br>AMIR ROSENSHINE,<br><br>     Plaintiffs<br><br>   -vs-<br><br>A. MESHI COSMETICS INDUSTRIES LTD.,<br><br>A TO Z IMPORTS INC.,<br><br>EYAL NOACH,<br><br>     Defendants. | Case No. 18-cv-3572 |

**OFFER OF JUDGMENT PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 68**

PLEASE TAKE NOTICE THAT Defendant A-Meshi Costmetics Industries Ltd. ("A-Meshi") hereby offers to allow entry of judgemnet to be taken against it pursuant to Rule 68 of the Federal Rules of Civil Procedure as follows: a judgment in favor of the plaintiffs Oren and Amir Rosenshine ("Plaintiffs") and against A-Meshi, in the sum of $5,000 (five thousand United States dollars and zero cents), with the result that the total judgment amount, including all recoverable costs and fees, which A-Meshi shall be obligated to pay to the Plaintiffs together shall be $5,000. For the avoidance of all doubt, the total offer amount of $5,000 is to be paid to both Plaintiffs, with

1

each Plaintiff receiving a total amount of $2,500 individually (though A-Meshi has no objection to any other split of the $5,000 total offered amount between the Plaintiffs). This shall be the total amount to be paid by A-Meshi to the Plaintiffs on account of any and all liability claimed in the above-captioned action, including all costs connected with the suit or any other fees.

If Plaintiffs do not accept this offer, they may become obligated to pay A-Meshi's costs incurred after the making of this offer in the event that they do not recover a judgment that is more favorable than this offer of judgment pursuant to Rule 68(d) of the Federal Rules of Civil Procedure.

To accept this offer, Plaintiffs must serve written notice of acceptance thereof within fourteen (14) days of the date this offer is made.

This offer is not to be constructed in any way as an admission of liability by A-Meshi. Rather, this offer is made solely for the purpose of achieving a commercial compromise for a disputed claim.

Dated: June 21, 2022                                  ASSERSON HILLER P.C.


                                                       /s/ Allison Khaskelis
                                                      Allison Khaskelis
                                                      Yisrael Hiller
                                                      11 Broadway
                                                      New York, NY 10004
                                                      Telephone: +1 (212) 939-7585
                                                      Facsimile: +1 (212) 939-6406

                                                      *Counsel to A. Meshi Cosmetics Industries Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, the foregoing Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68 was served on Plaintiffs by electronic mail and I arranged for the same to be served on Plaintiffs via UPS.

                                                                                           */s/ Allison Khaskelis*
                                                                                           Allison Khaskelis

                                                                                           ASSERSON HILLER P.C.
                                                                                           *Counsel to A. Meshi Cosmetics Industries Ltd.*

# ASSERSON HILLER PC

June 21, 2022

Oren Rosenshine
Amir Rosenshine
20 Hawthorne Lane
Great Neck, NY 11023

**Re:** *Rosenshine v A-Meshi Cosmetics Industries, Ltd., et al. No. 18-cv-3572*

Messrs. Rosenshine:

We write with regard to the hearing that took place before Magistrate Judge Bloom on June 8, 2022. Pursuant to the Judge's order (ECF Doc. 89), the documentary discovery in this matter is now closed. Indeed, you admitted on the record that you have no additional evidence responsive to our First Request for Production of Documents dated March 24, 2022. As Judge Bloom unambiguously advised you, you cannot meet your burden of proof with the current record, and your lawsuit will be dismissed on summary judgment.

On the basis of the transcript from the hearing, it is plain that Judge Bloom now sees what we have seen all along – a vexatious and baseless lawsuit geared to bully our client into offering you a settlement to avoid the costs of U.S. litigation. As Judge Bloom specifically noted, you fabricated a number of over $8 million in damages and signed two declarations to this effect in December 2020. Declarations are legally binding documents that carry the penalty of perjury. Now that all documentary evidence is in, it is clear that you never had a basis for this number.

The documentary evidence you did provide —the invoices from January 2013 until October 2015—is irrelevant. As you well know, the sole transaction between A-Meshi and A to Z took place a year later. You have produced no evidence — and admitted on the record that you have none — to demonstrate that you had any Star Gel inventory to sell beyond October 2015, that you sold any Star Gel after 2015 or that you even made any attempts to sell Star Gel after 2015. You have shown absolutely no damages from 2016 and on. What your discovery does reveal, however, is that your claim for $8 million in damages was a knowing, intentional and glaring fraudulent misrepresentation. Your own invoices demonstrate that, even with the most generous accounting, you made a profit of c. $11,000 in total in the nearly three years of selling Star Gel in New York between January, 2013 and October, 2015[1]. You knew full well how much you were profiting from Star Gel (when you had any to sell). The alchemy of turning $11,000 into $8 million is an abuse of the judicial process.

We enclose herewith our client's Offer of Judgment made pursuant to Federal Rule of Civil Procedure 68. For the avoidance of all doubt, this offer fully recognizes that you have no credible case and denies all liability. It is simply a commercial decision made to end this frivolous litigation before summary judgment can be decided. Please note that this offer will be revealed to the Court. It carries mandatory costs consequences. In the event that you decline this offer and fail to beat it in litigation, you will be liable for our client's costs. We understand full well that you cannot beat this offer - the only evidence you supplied in the case is not only unhelpful to your position but is

---

[1] This figure does not take into account your shipping costs. It assumes that your purchase cost per unit was $2.45, as per the 2004 Agreement between A-Meshi and GMIE Inc.

**TEL AVIV**
1 Azrieli Centre
Round Tower, Floor 32
132 Menachem Begin Street
Tel Aviv 6701101
T +972 3 744 9191
F +972 3 744 6556

**NEW YORK**
11 Broadway
Suite 615
New York, NY 10004
T +1 (212) 939 7585
F +1 (212) 939 6406

www.assersonhiller.com

Trevor Asserson is only admitted to practice in England and Wales, and in Israel

ASSERSON HILLER P.C.

Oren Rosenshine
Amir Rosenshine
June 21, 2022
Page 2

actually fatal as it plainly reveals the scope of your fraudulent allegations. As such, we urge you to seek legal counsel on the implications of this offer.

In the event that you decline this generous offer, our client will be proceeding to summary judgment. Please note that, along with this motion to dismiss your case, our client will be seeking sanctions and costs against you for your frivolous lawsuit and the fraud that you perpetrated on the Court and our client, pursuant to, but not limited to, F.R.C.P. 11 and 15 U.S.C. §1117(a). We will also urge our client to explore all possible remedies against you in Israeli courts. This will be in addition to the costs consequences that will befall you on the basis of F.R.C.P. 68.

Lastly, should you wish to proceed with your baseless claim, please advise us as soon as possible when you would like to take the one deposition of an A-Meshi representative to which you are entitled so that we can comply with Judge Bloom's August 1, 2022 deadline. On the assumption that you would like to depose Yermi Mizrahi, please note that he travels extensively for work. Please also note that Yermi is not a native English speaker and will require a legal interpreter to translate the questions and answers for the official deposition record. You will need to arrange for such an interpreter. Please advise us of the identity of your proposed court reporter and interpreter so that we can review their credentials and make sure they are properly certified as soon as possible.

Sincerely yours,

*/s/ Allison Khaskelis*

Allison Khaskelis