**ASSERSON HILLER** PC

March 7, 2023

**FILED ELECTRONICALLY VIA CM/ECF**

Honorable LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Rosenshine v A. Meshi Cosmetics Industries, Ltd. ("Meshi"), et al. No. 18-cv-3572*

Dear Judge DeArcy Hall:

We represent A-Meshi Cosmetics Industries, Ltd. ("Meshi"), a defendant in the above-captioned matter. We write in opposition to the Plaintiffs' February 27, 2023 letter (the "Plaintiffs' letter", ECF No. 102) to this Court regarding Meshi's motion for summary judgment and respectfully request that the Court strike the Plaintiffs' letter in its entirety.

1) The Plaintiffs' letter is a 5 page single-spaced document that attempts to re-litigate certain arguments made in Meshi's motion for summary judgment, which was fully briefed, filed and served on the Plaintiffs on January 26, 2023. Neither the Federal Rules of Civil Procedure, the Local Rules of this District, nor this Court's Individual Practices permit sur-replies to fully-briefed motions as of right. Had the Plaintiffs wished to address any points made in Meshi's reply brief to the opposition to its motion for summary judgment (ECF No. 101), they needed to seek this Court's leave, explaining the extreme circumstances that should entitle them to relief that exceeds what is typically permitted. They failed to seek the Court's leave. The Plaintiffs' efforts to raise additional arguments must, therefore, be stricken on this basis alone.

2) The format and length of the Plaintiffs' letter is also objectionable. This Court's Individual Practices typically limit letter motions to 3 pages. *E.g.* III.A (3) and (5). Letter briefs on motions for summary judgment are not permitted at all. III.C (7). While the Plaintiffs are *pro se*, they have previously demonstrated an ability to read and follow rules, statues and case law. They should not be permitted to flout this Court's Individual Practices, with which they are familiar.

3) In any event, Meshi does not understand the Plaintiffs' month-long delay in addressing its 10-page reply brief. If the Plaintiffs were really so eager to provide additional arguments, they should not have waited a month to attempt to do so. In circumstances where the Court granted a tight schedule for the briefing on the summary judgment motion, presumably in order to progress a matter that has been on its docket for nearly 5 years, this delay cannot be countenanced.

**TEL AVIV**
1 Azrieli Centre
Round Tower, Floor 32
132 Menachem Begin Street
Tel Aviv 6701101
T +972 3 744 9191
F +972 3 744 6556

**NEW YORK**
11 Broadway
Suite 615
New York, NY 10004
T +1 (212) 939 7585
F +1 (212) 939 6406

www.assersonhiller.com

Trevor Asserson is only admitted to practice in England and Wales, and in Israel

ASSERSON HILLER P.C.

Judge LaShann DeArcy Hall
March 7, 2023
Page 2

4)  Moreover, motion practice is neither an iterative nor infinite process. At some point, a fully-briefed motion for summary judgment must be considered on its merits and the attendant record in the matter. In the event that this Court has any queries or wishes to hear more from either party, that can happen during a hearing on this motion, if the request for the same will be granted. The Plaintiffs cannot continue to try out new arguments in the hope that something might eventually stick beyond the deadlines established in this case. That is an inexcusable delay tactic in a case that begs resolution.

5)  Meshi does not wish to waste this Court's time with a substantive opposition to points raised in the Plaintiffs' letter in the hope that the Court will refuse to consider it outright. Meshi merely wishes to point out that it was well within its rights to address points raised in the Plaintiffs' opposition in its reply. Meshi introduced no "novel arguments" in its reply brief, and all its arguments therein are direct rebuttals to the points raised in the Plaintiffs' opposition, in full compliance with the Federal Rules, Local Rules and this Court's Individual Practices. That Plaintiffs are afraid of Meshi's points because they recognize that they are fatal to their case does not entitle them to bombard the Court with letters and additional arguments. Nevertheless, in the event that the Court wishes to consider the merits of the Plaintiffs' letter, Meshi would be glad to provide the Court with substantive arguments in opposition thereto and respectfully asks that the Court grant it the opportunity to do so.

For all the reasons set forth above, we respectfully request that the Court strike out the Plaintiffs' letter.

Respectfully submitted,

ASSERSON HILLER P.C.

By: /s/ *Allison Khaskelis*
    Allison Khaskelis

cc:   Plaintiffs (via ECF and email)